GULOTTA, Judge.
This is an appeal from a judgment denying damages for personal injuries allegedly sustained by plaintiff as a result of an automobile accident.
The facts are that appellant, Dwight P. Christian, was a passenger in a vehicle operated by Aurther Simmons, which was involved in a collision on July 29, 1970, with' an automobile operated by defendant, James Pagel. The accident occurred at the intersection of St. Claude and Piety Streets in New Orleans. Christian joined Simmons in this suit against Pagel and his insurer claiming personal injuries and loss of earnings as a result of the accident.
The trial judge rendered a judgment in favor of Simmons but denied Christian’s claim, resulting only in Christian’s appeal.[1] Defendants did not appeal from the Simmons judgment. It was the trial judge’s conclusion Christian failed to show his complaints of injury were connected to the accident. We agree.
Christian testified the accident did something to his back, made his nose bleed, caused tremors and numbness of the hand, gave him headaches, caused his abdomen to be sore, and gave him a lump on his forehead. (He could not remember whether these symptoms manifested themselves on the day of the accident or the following day.) Christian also stated when these conditions failed to improve, he consulted Dr. Frederick A. Wild, Jr. This occurred about a week or so after the accident. However, Dr. Wild in his deposition stated he first examined Christian on September 4, 1969 some five weeks after the accident. At this time, he made a diagnosis of acute muscular sprains of the neck muscles, the left shoulder muscles, and less severe sprains of the muscles of the chest and upper back area and contusions of the upper right abdomen .and right shoulder. The latter two of those diagnoses were made on the basis of the history given to him by Christian. Dr. Wild indicated these injuries would have produced pain immediately after the accident.
However, it is significant that on Juiy 29, the day of the accident, Christian applied for a job with New Orleans Private Patrol Service (NOPPS). He was referred by Louis Grumo, Personnel Manager for NOPPS, to Dr. D. D. Delgado for a pre-employment examination. The memorandum sent to Dr. Delgado by Grumo is dated July 30 (the day after the accident occurred). No complaints were made at *849 that examination of the injuries about which Christian complains in this suit. Dr. Delgado testified he examined Christian on July 30, and upon examination he found no injury to the head, his neck was supple and had no limitation of motion or pain of motion, he had no indication of bleeding or injury to the nose and there was no soreness or complaint of pain or palpation of the abdomen.
Christian denied the examination was on July 30, 1969 but represented he was examined on July 29 prior to the accident, and on his way home from the examination he was injured in the said accident.
The trial judge declined to accept this argument. We find no error in that determination. Christian simply failed to carry the burden of showing his complaint of injury resulted from the accident.
Accordingly, the judgment is affirmed.
Affirmed.

. Under Rule 7 Section 5(b) the appellant’s appeal has been abandoned for nonappearance and failure to file a brief after proper notice has been given, or under Rule 7 Section 5(a) the matter could be allowed to sit on the docket of the court and be dismissed for lack of prosecution; however, we prefer, in view of the absence of the appellant from the state and the withdrawal of counsel of record, to consider this matter on the merits rather than on dismissal under the rules. We note that counsel for the appellee is not insisting upon a dismissal but seeks affirmation of the judgment below.