273 So.2d 363 (1973)
Valmon PIERROTTI, Plaintiff-Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Defendants-Appellees.
No. 4046.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
Rehearing Denied March 7, 1973.
Writ Refused April 19, 1973.
*364 John Saunders, Mamou, for plaintiff-appellant.
Gist, Methvin & Trimble, by James T. Trimble, Jr., Alexandria, G. Bradford Ware, Rayne, for defendants-appellees.
Before SAVOY, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiff Valmon Pierrotti appeals the judgment dismissing his claim for the reason that he failed to prove injuries related to the accident. We affirm.
The rear end of plaintiff's 14,000 pound housemoving rig was struck by the overtaking pickup truck operated by defendant St. Paul Fire and Marine Insurance Company's insured. Plaintiff was driving easterly at approximately 10-15 miles per hour when struck by defendant's insured who was also proceeding easterly at approximately 20-25 m. p. h. Defendant's driver attempted to apply brakes when some 50 feet behind the housemoving trailer, but defective brakes did not hold.[1] The only damage to the housemoving trailer was a broken tail light lens.[2] There was minor front and damage to the overtaking pickup truck.
Pierrotti immediately arranged to have the accident investigated, but when the trooper arrived some forty-five minutes later, all parties asked that no accident report be made or filed. All parties indicated that there were no injuries resulting from the accident.
An independent witness who arrived at the scene soon after the collision, testified that plaintiff stated that he became aware of the collision by hearing the impact noise and thereafter seeing the pickup truck in his rear-view mirror. Plaintiff's employee who was riding the front fender of the housemoving truck heard the impact. Except for that he was unaware of the accident.
*365 Concerning the seriousness of the impact, the trial court apparently rejected Pierrotti's trial testimony (and his deposition taken a week before trial) to the effect that "... it seemed to me the truck had reared up. I know it didn't, it was too heavy for that, must be when I slammed back or something like that." Tr. Vol. 1, p. 46. There is no manifest error in the factual determination that Pierrotti failed to prove by a preponderance of the testimony that the accident caused physical injuries. Absent manifest error, the trial court's factual determination, particularly his finding of credibility, will not be overturned. Ardoin v. Boutte, 209 So.2d 754 (La.App. 3 Cir. 1968).
Although plaintiff started complaining of neck pain on the afternoon of the accident, he first sought medical attention nine days after the accident. The only objective symptom found at that time was what "appeared" to be a muscle spasm in the cervical area. The injury was not serious enough to merit x-ray examination. Plaintiff never saw this physician again, but testified that he returned when the doctor was out of the office. Plaintiff then undertook chiropractic treatments. Plaintiff did not present evidence by the chiropractor.
On August 24, 1970 plaintiff sought medical treatment from Dr. Roderick P. Perron, a general practitioner. Plaintiff returned to him on five occasions, the last examination was on December 30, 1970. Plaintiff's history indicated that he sought medical treatment two days after the accident (instead of nine days); that his truck went into the ditch (instead of remaining on the road); and that he "came to" shortly after the accident (instead of stating that he did not think he was injured in the accident). There were no objective symptoms found by Dr. Perron. On this erroneous history, Dr. Perron diagnosed a cervical strain and probable traumatic bursitis of the left shoulder. These conditions were related to the February 9, 1970 accident.
Dr. Perron referred plaintiff to Dr. L. Lazaro, III, an orthopedic surgeon. A similar history and no objective findings were the basis for Dr. Lazaro's similar diagnosis. When Dr. Lazaro learned of the relatively light impact and the fact that plaintiff did not seek medical attention until nine days post accident and not again until six months later, he was unable to convincingly relate plaintiff's complaints to the accident. Dr. Lazaro's x-ray examination showed degenerative joint disease (arthritis) which pre-dated the accident. He testified on cross-examination that plaintiff's complaints could be caused by plaintiff's age of 62 years.
At trial plaintiff testified that he never stated that the accident caused him to go into the ditch. At trial plaintiff demonstrated that movement of his neck was severely restricted. The medical testimony uniformly indicated that this complaint was not supported by the medical findings.
On the facts we distinguish the cases which allowed recovery even though the trial court found that the minimal impact would not support an award. Velasquez v. Richard, 243 So.2d 308 (La.App. 4 Cir. 1971); Seegers v. State Farm Mutual Automobile Ins. Co., 188 So.2d 166 (La. App. 2 Cir. 1966); Fontenot v. Continental Casualty Company, 175 So.2d 853 (La.App. 3 Cir. 1965).
Plaintiff must establish his claim by a reasonable preponderance of the evidence. Mere possibility and even unsupported probability are not sufficient to support an award of damages. Sattler v. Allstate Insurance Co., 225 So.2d 54 (La.App. 3 Cir. 1969); Waggoner v. Marquette Casualty Company, 181 So.2d 475 (La.App. 2 Cir. 1965).
The trial court judgment is affirmed at plaintiff appellant's cost.
Affirmed.
NOTES
[1] Defendant City Motors of Oakdale, Inc., had repaired the brakes on the day of the accident. Plaintiff appellant does not allege error in the trial court decision that City Motors was free from negligence. Although defendant St. Paul argued that this determination should be reversed, this defendant did not appeal nor answer the appeal. Therefore, we pretermit consideration of the alleged negligence of City Motors. LSA-C.C.P. Art. 2133. Williams v. Buckelew, 246 So.2d 58 (La.App. 2 Cir. 1971).
[2] There was no claim for property damage.