281 So.2d 688 (1973)
Mrs. Nelle Webb WEILAND
v.
G. Harold KING, Jr., and Continental Insurance Company.
No. 52623.
Supreme Court of Louisiana.
August 20, 1973.
*689 Ellison, Gary & Field, David M. Ellison, Jr., Baton Rouge, for plaintiff-applicant.
Breazeale, Sachse & Wilson, Boris F. Navratil, Baton Rouge, for defendant-appellant.
SANDERS, Chief Justice.
Mrs. Nelle Weiland instituted these proceedings seeking damages for personal injuries sustained as a result of a fall down a stairwell, which she charged was inadequately lighted. A trial jury returned a verdict in her favor in the amount of $25,000.00, plus stipulated special damages in the amount of $3,025.64. Houston Fire and Casualty Company, a compensation intervenor, was awarded $1,945.64 out of the proceeds of the principal judgment as a reimbursement for compensation paid.
The Court of Appeal for the First Circuit reversed, dismissing the suit. 262 So.2d 50. We granted certiorari, at 262 La. 1083, 266 So.2d 218, in order to determine whether the lighting provided for the defendant's stairwell was offensive to the standards required by law. We now hold that it was and reinstate the jury award.
The operative facts are clear.
G. Harold King, Jr., the defendant, owned a three story office building at the corner of Lafayette Street and Laurel Street in Baton Rouge. The Louisiana Department of Education, for which Mrs. Weiland worked as a secretary, held a lease on the third floor. Other tenants occupied the first and second floors.
The King lease to the Department of Education, plaintiff's employer, obligated the lessor to provide "adequate lighting."
There were two entrance-exit systems. The main entrance was on Lafayette and the other, a back entrance, was on Laurel Street. The stairwell serving the Laurel Street exit consisted of two sets of stairs, the first rising from ground level on Laurel Street to a landing on the second floor and the second leading from the second level to a landing on the third floor. None of the three tenants leased the back stairwell and exit.
Mrs. Weiland worked late on October 16, 1967. When she left, she started for the Lafayette Street exit but was stopped by Mrs. Audrey George, a supervisor, who told her that the front door was locked. She then turned to the Laurel Street exit.
There was a door between the office suite and the stairwell. Mrs. Weiland opened this door and safely negotiated the first flight of stairs. When she reached the second floor landing, however, she was left in total darkness by the final closing of the third-floor-door. Her first reaction was to call for help, but there was no response. Then, thinking it less dangerous to move downward rather than upward, she attempted to find the railing on the stairs leading to ground level, there being no railing on the landing itself. In searching for the hand rail, she fell, landing at the base of the stairway on the ground level.
*690 The principal lighting system servicing the stairwell was composed of three ordinary light fixtures, one at each level. The switch controlling the light for the third floor landing was inside the office suite of the Department of Education. Similarly, the switch for the light for the second floor landing was not on the landing but inside the second floor suite of offices of another tenant. The three switches were off at the time of the fall.
Red "exit" lights had been installed at each level, designed to burn at all times. They were inoperative at the time of the fall and had been out of service on several previous occasions. When inspected by the Baton Rouge Fire Prevention Bureau on August 29, shortly before plaintiff's fall, they were inoperative.
Article 2695 of the Louisiana Civil Code, dealing with the lessor-lessee relationship, and Article 2322, dealing with damage occasioned by the "ruin" of a building, are technically inapplicable to the present case. Hence, liability must be tested under Articles 2315 and 2316 of the Louisiana Civil Code. See Davis v. Royal Globe Insurance Companies, 257 La. 523, 242 So.2d 839 (1971).
Article 2315 of the Louisiana Civil Code provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
Under this article, the elements of a cause of action are fault, causation, and damage. Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971). There can be no doubt that the absence of lighting caused the fall. The crucial issue in the present case is that of fault.
Article 2317 of the Louisiana Civil Code illustrates that fault is a broad concept, embracing all conduct falling below a proper standard. See Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971); Stone, Tort Doctrine in Louisiana: The Concept of Fault, 27 Tul.L.Rev. 1 (1952).
With reference to lighting, the Baton Rouge Fire Prevention Code (1965) provides in Article 11, Section 11.3 as follows:
"Required stairwells, hallways, and other means of egress including exterior open spaces to or through which exitways lead, shall be kept adequately lighted at all times that the building served thereby is occupied."
The Life Safety Code 1967, a standard reference prepared by the National Fire Protection Association, provides:
Section 5-10112: "Every exit and the necessary ways of exit access thereto shall be illuminated to facilitate egress. Such illumination shall be continuous during the time that the conditions of occupancy require that the means of egress be available for use. Artificial lighting shall be employed at such places and for such periods of time as required to maintain the illumination to the minimum foot-candle values herein specified."
Section 5-10115: "Any required illumination shall be so arranged that the failure of any single lighting unit, such as the burning out of an electric bulb, will not leave any area in darkness."
Section 5-11121: "Every exit sign shall be suitably illuminated by a reliable light source giving a value of not less than 5 foot-candles on the illuminated surface. Such illumination shall be continuous as required under the provisions of Section 5-10, Exit Illumination, and where emergency lighting facilities are required, exit signs shall be illuminated from the same source. Artificial lights giving illumination to exit signs other than the internally illuminated types shall have screens, discs, or lenses of not less than 25 square inches area made of translucent material to show red or other specified designating color on the side of the approach."
*691 In the present case, the building owner retained control of the rear exit and had the duty of providing adequate lighting. Under a reasonable standard, exit stairs are required to be adequately and continuously lighted when the building is occupied. Here, the red exit lights were inoperative and the stairway lights were not burning. The switch for the second-level was inside the office of another tenant, unavailable to plaintiff from the second landing. Other persons had fallen on the stairs, and a representative of the second-floor tenant had complained to the former owner several times about the inadequacy of the lighting to no avail.
We conclude that the insured was at fault within the meaning of Article 2315 of the Louisiana Civil Code. See Morris v. Hava, La.App., 180 So. 216 (1938).
In denying liability, the Court of Appeal held that the cause of the fall was not the deficient lighting but rather Mrs. Weiland's failure to turn on the stairwell switch before entering the third floor landing. This, is, of course, an oblique way of saying that she was contributorily negligent, a conclusion rejected by the trial jury.
It is, moreover, a flawed conclusion. When Mrs. Weiland opened the door into the stairwell, her path of descent was illuminated by the lights of the office suite behind her. It was only when this door swung shut, leaving her in darkness, that the hazard became apparent. By then, however, it was too late and she was stranded on the second floor landing, where there were no hand rails.
The testimony, in our opinion, establishes that the absence of stairway lighting and the absence of handrails at the second-floor landing combined to create a dangerous trap for one descending the stairs.
We conclude that the Court of Appeal erred in setting aside the jury verdict.
It has been our practice to remand damage suits to the Court of Appeal for the fixing of damages, when that court has not reached the issue. See, e. g., Felt v. Price, 240 La. 966, 126 So.2d 330. In the present case, however, no serious question as to quantum was raised in the Court of Appeal. Nor, from our examination of the record, do we discern a serious issue. Hence, in order to expedite the final disposition of the case, we dispense with the remand.
In awarding general damages, the jury is vested with "much discretion." LSA-C.C. Art. 1934(3). In the absence of a clear abuse of that discretion, the appellate court will not disturb the jury award. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
In the fall, plaintiff fractured a vertebra and a bone of the knee. She was hospitalized for six days, where she was placed in a brace. A cast was later placed on her knee. She suffered considerable pain and will continue to experience pain indefinitely. She has a permanent disability of about 20% of the back and 15% of the knee. Traumatic arthritis has developed at the site of both fractures. She is handicapped in typing and in performing household work.
The award of $25,000.00, in our opinion, is well within the discretion of the jury.
The special damages were stipulated.
For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the district court is reinstated and made the judgment of this Court.
Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Nelle Webb Weiland, and against the defendants, G. Harold King, Jr., and Continental Insurance Company, in solido, in the *692 full sum of $25,000.00 for personal injuries and $3,025.64 for special damages, or a total of $28,025.64, together with legal interest thereon from date of judicial demand until paid;
It is further ordered, adjudged and decreed that there be judgment in favor of the intervenor, Houston Fire & Casualty Insurance Company, in the full sum of $1,945.64 in reimbursement to be paid from the proceeds of judgment rendered herein in favor of Nelle Webb Weiland.
It is further ordered, adjudged and decreed that all costs of this suit be paid by defendants, including the following expert witness fees:

 Dr. Frank J. Jones $50.00
 Dr. Thomas Campanella $75.00
 MARCUS, Justice (dissenting).

I respectfully dissent. In denying liability, the Court of Appeal properly held that the cause of the fall was not the deficient lighting, but, rather, Mrs. Weiland's failure to turn on the light switch before entering the third floor landing.
The evidence indicates that the stairwell was adequately lighted when the lights were turned on. The switch controlling the light on the third floor landing was in the office from which plaintiff began her descent on the date of the accident. The majority concedes that the switch was off at the time of the fall. While there is testimony that the stairwell was steep and narrow, it was completely carpeted with hand railings on both sides. The only area where there were no hand rails was in the landings, which is not unusual. Under these circumstances, I am unable to subscribe to the conclusion of the majority that plaintiff's fall was caused by the failure of the defendant to provide adequate lighting. Rather, it is my view that the accident was caused by the failure of plaintiff to turn on the lights prior to her descent of the stairway.
It should be pointed out that the dark condition of the stairway viewed from the top level or the area from which plaintiff began her descent on the day of the accident is further evidenced by the testimony of two witnesses who came to her assistance after the fall. It was their testimony that the view was one of total darkness except for some light coming from the Laurel Street exit, which door had been opened subsequent to the accident. This, taken together with testimony of the plaintiff, requires a conclusion that plaintiff was clearly negligent in her attempt to descend the stairs under these conditions without first turning on the light switch.
Under these facts and circumstances, one must reach the inescapable conclusion that plaintiff was at the very least contributorily negligent, which negligence was a proximate cause of the accident. See Curet v. Hiern, 95 So.2d 699 (La.App.1957); and Briscoe v. Bailey, 74 So.2d 770 (La.App.1954).
Accordingly, I am of the opinion that the judgment of the Court of Appeal should be affirmed, dismissing plaintiff's suit.