349 So.2d 1345 (1977)
Rita Kahoe, wife of/and Arthur KAHOE, Individually and on behalf of his minor daughter, Angela Kahoe
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Gregory L. Watkins, and H. Lioneal Watkins.
No. 11460.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 26, 1977.
*1346 J. Michael Cumberland, John G. Discon, New Orleans, for plaintiffs, appellants.
Iddo Pittman, Jr., Hammond, for defendants, appellees.
Before ELLIS, CHIASSON and PONDER, JJ.
*1347 CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Rita and Arthur Kahoe, plaintiffs-appellants, and against Gregory Watkins, Lioneal Watkins and State Farm Mutual Automobile Insurance Company, defendants-appellees, awarding the appellants $6,015.35, plus interest from date of judicial demand for damages sustained as the result of an automobile accident.
At approximately 12:30 A.M., May 4, 1974, a truck driven by Gregory Watkins collided with a car driven by Rita Kahoe. The accident occurred when Gregory Watkins attempted to pass Rita Kahoe on Louisiana Highway 437, a two lane road. As Gregory Watkins was passing Rita Kahoe, an unidentified automobile pulled out of a lounge parking lot and into the lane occupied by Gregory Watkins. This automobile forced Gregory Watkins back into the right lane of travel where his truck struck the rear end of the automobile driven by Rita Kahoe.
In holding Gregory Watkins liable for the accident the District Court in its oral reasons said in part:
". . . Young Mr. Watkins, Gregory, I think picked an awfully bad place to pass that car, as he was approaching a lounge on a Saturday night or a Friday night or whatever it was, but at any rate, at night, a place that was lighted enough that he could see what he was approaching. He was familiar with it. He knew what was there. No one has testified that there were any yellow lines on the highway indicating a no passing zone, but I know whether there is a yellow line or not, it is not a good place to pass an automobile as you approach the entrance to any business, particularly of this nature because of the coming in and out of the parking area. He picked a rather unsafe place in which to attempt to go around Mrs. Kahoe's car. I think there was a so-called phantom automobile. An unknown person drove out of the bar parking lot onto the highway and turned in the direction of the two on-coming automobiles. It turned in the lane that young Gregory Watkins was entering or had already entered with the intention of passing Mrs. Kahoe. And seeing that car coming on into that lane, the only prudent thing for him to do was to reduce his speed immediately and make an attempt to get back into the right lane of travel. I don't know of any reason why Mrs. Kahoe might have had to stop her car or to suddenly and greatly reduce it's speed. If she touched her brakes, caused the stop lights to come on, it would have been the act of a prudent driver bringing her car under control and driving cautiously in approaching a place where there was an automobile coming into the highway. The jurisprudence of our State is very clear. The attorneys are quite familiar with this. The burden of exculpation is very heavy on the trailing driver to exculpate himself from the presumption of negligence when he rear ends another automobile. This looks to me like a rear end collision. The picture of the Kahoe automobile filed in evidence, from that picture, it appears that that automobile was struck almost dead center. I think it was a rear end collision. I think it was caused from the failure of Gregory Watkins to have his car under proper control under the circumstances. I do not fault him for negligence or driving recklessly or in any manner in which maybe all of us will drive sometimes. But under the circumstances, the burden was on him in passing to have passed that car at a place and in a manner that was safe to do so. The passing automobile is under a heavy burden, and the trailing automobile is under a heavy burden of exculpation of presumption of evidence. He was passing a car or he was the trailing car, and in any event, he had a pretty heavy burden of care and caution to see that no accident resulted. I find that he has failed to carry the burden of proof of which the law imposes, our jurisprudential *1348 law, from statutory provisions." (Emphasis added).
Civil Code Article 2315 provides in part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
For a person to be held liable under the provisions of this article he must be at fault. Fault is a broad concept embracing all conduct falling below a proper standard. C.C. Art. 2316. Weiland v. King, La., 281 So.2d 688 (1973). In the present case the Trial Judge erred in holding Gregory Watkins liable without finding him at fault.
The conduct of the appellant upon which the Trial Judge predicated liability was Gregory Watkins' attempt to pass Mrs. Kahoe near the private entrance of a business. In determining whether this constituted fault it is necessary to establish the standard of care to which Gregory Watkins must be held. While criminal statutes are not, by themselves, definitive of civil liability, they do provide guidelines which a court may use in establishing the proper standard of care for determining civil liability. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821, page 829 (1970).
R.S. 32:75 provides:
"No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction."
R.S. 32:76(A) provides:
"A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
(1) when approaching the crest of a grade or upon a curve in the highway, where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;
(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing;
(3) when the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel."
When Gregory Watkins began to pass Rita Kahoe, the left side was visible and free on oncoming traffic. There is no evidence in the record of any legal impediment to prohibit the attempted passing of a vehicle at that point. Passing a vehicle near a private drive, be it business or residential, is not, in most instances, conduct falling below a proper standard. In this case the passing motorist was in the left lane before the unknown vehicle entered the highway. Therefore, Gregory Watkins' attempt to pass Rita Kahoe near the lounge entrance was not fault.
In addition, as was recognized by the Trial Judge, Gregory Watkins' action in returning to the right lane of travel when faced with the sudden appearance of the unknown automobile in his lane was not fault. The Trial Judge found this action not only reasonable but also the most prudent choice available.
Even if his action was not prudent, Gregory Watkins would not be liable because one who suddenly finds himself in a position of imminent danger, without sufficient time to weigh and consider all the circumstances or means of avoiding the danger, is not guilty of negligence if he fails to choose what subsequently appears to be a better method, unless he created the emergency through his own negligence.
*1349 Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385, page 389 (1972).
The sudden emergency in this case was created by the driver of the unknown car and not by the negligence of Gregory Watkins. The facts and the applicable law in the present case are very similar to those presented in Hickman, supra.
Because we do not find the defendants liable, it is unnecessary for us to consider the questions raised as to the quantum of the Trial Judge's award.
For the above reasons, the judgment of the District Court is reversed and judgment rendered dismissing plaintiffs' suit. Costs to be paid by plaintiffs.
REVERSED AND RENDERED.