LEMMON, Judge.
Plaintiffs have appealed from a judgment dismissing their claims for personal injuries allegedly incurred when a truck backed up about two feet into their stopped car. The trial court found defendant driver was liable for the accident, but nevertheless dismissed plaintiffs’ suit, further finding that defendant insurer had paid the property damage, described by the investigating officer as “light damage across the front”,[1] and that plaintiffs had failed to prove they were injured in the accident.
Several days after the December 30,1975 accident, plaintiffs consulted Dr. Joseph Braud, who was then treating plaintiff Green for an October, 1975 accident. Green testified that at the time of the accident in suit he “was okay” and “about to (be) discharge^)”, but had such severe pain for one or two months thereafter that he couldn’t lace his shoes and was still suffering with his back at the trial 22 months after the accident. He admitted that he had been present at work as a longshoreman every day since the accident and had been paid, but stated that his friend performed his work for him until he “got better”, after which he “worked the time back” for the friend. Moreover, in response to pre-trial interrogatories inquiring about accidents within the past five years, Green answered that he did not remember and gave sketchy information about only one accident, which was subsequent to the present one. When Green was questioned on this at trial, he gave such completely evasive answers that the judge remarked “I’m not reflecting on your (the attorney’s) honesty . . . but the rest of this case stinks”.
Plaintiff Johnson consulted the same physician and was treated for the same complaints on virtually the same days until both plaintiffs were discharged around the end of April. Also like Green, Johnson did not miss any attendance at work as a longshoreman nor any pay, but was fortunate enough to have a brother on the job with him who “helped with heavy duties” for eight months, or perhaps three.
The doctor testified that both plaintiffs exhibited mild spasm on January 2, 1976, but had no record of these findings or of advising either not to work. There was nothing in the doctor’s records to show Green’s condition just before the December 30 accident, but the records did show he was treated on December 30, a fact Green denied. Furthermore, the doctor kept a separate card on Green for each accident, and his records (as well as a report issued in respect to other litigation) stated that Green was discharged from the October, 1975 accident as “doing well” on January *1225 26, 1976; however, Green was treated through April 19, 1976 for the December, 1975 accident. The records do not reflect what treatment was given, and the office notes of the October, 1975 accident show only a comment of back pain on January 2, 1976, with no mention of another injury.
The trial court found as a fact that neither plaintiff sustained an injury in the December, 1975 accident. The lightness of impact, the initial statement of no injury to the investigating officer, the fact of no lost time at work, and the history of multiple accidents and claims by both plaintiffs militate against their credibility, while the fact of deficient, contradictory and questionable medical records lends additional support to the trial judge’s findings. Fact finding, particularly when based on credibility, is primarily a function of the trial court, and we find no manifest error in the factual findings in this case.
The judgment is affirmed.

AFFIRMED.

. The truck was not damaged, and defendant driver testified he was not aware a collision had occurred until he heard a horn blow.