387 So.2d 1351 (1980)
Peggy J. NAPOLI
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 13349.
Court of Appeal of Louisiana, First Circuit.
July 25, 1980.
*1352 Patrick Morrow, J. Michael Morrow, Opelousas, for plaintiff-appellant Peggy J. Napoli.
Horace C. Lane, Baton Rouge, for defendants-appellees, Nick and State Farm Mutual Automobile Insurance Company.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff, Peggy J. Napoli, filed suit against defendants, State Farm Mutual Automobile Insurance Company and Nick Cicero, seeking $250,000.00 for personal injuries allegedly suffered on November 1, 1977, when the automobile in which she was a passenger was struck from the rear by a vehicle driven by Nick Cicero. Plaintiff requested a jury trial. From a trial court decision adopting the jury's verdict as its own judgment and finding the defendant, Nick Cicero, negligent but awarding damages of $0.00, plaintiff appeals. We affirm.
Plaintiff specifies that it was error for the trial court to:
1. grant judgment in plaintiff's favor but in the amount of $0.00;
2. not find that the accident either caused or aggravated the injuries alleged by the plaintiff;
3. cast plaintiff for costs although the jury decided in her favor.
In a supplemental brief, plaintiff "also complains of jury instructions given or not given(.)" Furthermore, remand for a new trial is sought because "it will be difficult for the court to fully understand this case, assess the demeanor of the witnesses, and thereafter render some type of judgment(.)"
*1353 [A] meaningful jury trial includes proper instructions by the court. Adequate instrucitons are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury's application thereto. Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La.App.3rd Cir. 1978). In this case, we cannot say that the jury instructions were such as would mislead the jury as to the law or to the application of the law to the facts. Far from it, the instructions given demonstrate the trial court's great concern for all aspects of the case.
Because we find the jury instructions to have been proper, our review of this case is limited to an examination of whether the jury's findings were manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Appellant's contention notwithstanding, this court is fully capable of a fair and complete review of the record. No remand is necessary.
Plaintiff brought suit under LSA-C.C. Art. 2315 which provides in part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
Under Art. 2315, the elements of a cause of action are fault, causation and damage. Weiland v. King, 281 So.2d 688 (La.1973). A plaintiff has the burden of proving causation by a preponderance of the evidence, whether direct or circumstantial. A preponderance means that the evidence must show that it is more probable than not that the harm complained of was caused by the defendant's tortious conduct. Townsend v. State, through Department of Highways, 322 So.2d 139 (La.1975); Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
In the present case, the jury found that plaintiff proved neither damages nor causation. We agree with that finding.
Plaintiff alleged
"severe and painful personal injuries including but not limited to three cervical disc (sic) requiring surgery ... is permanently disabled, alternatively, partially disabled ... and has suffered great mental pain and anguish."
At trial, plaintiff also drew attention to an alleged knee injury.
Dr. Robert Hanchey, a neurosurgeon, testified that he first saw plaintiff on December 6, 1977, a month after the accident; that his notes revealed no mention by the plaintiff of the accident; that plaintiff was treated (by fusion of three vertebrae) for a chronic degenerative condition going back several years; and that such a condition could be caused by either the natural progression of a disease or by an aggravation. Dr. Hanchey was unable to say what had caused plaintiff's condition but consistently urged deference to the opinion of Dr. Kilroy.
Dr. James Thomas Kilroy, an orthopedic surgeon, testified that he first saw plaintiff on September 7, 1977, two months prior to the accident; that as of September 7, 1977, plaintiff had suffered from upper thoracic and neck pain for a long time; that on December 4,1977, plaintiff was hospitalized for severe pain; that on December 4, plaintiff informed him of her November 1 accident; that he called in Dr. Hanchey; that plaintiff had the same symptoms after as before the accident; that plaintiff's surgery was caused by her chronic degenerative disc disease and not by any intervening trauma.
Dr. David Klein, a neurological surgeon, testified via videotape that he first saw the plaintiff on November 13, 1978; that plaintiff had endured "intermittent episodes of pain and stiffness in her neck" since 1968 or 1969; that plaintiff had suffered from headaches for some three and one-half weeks prior to November 13; that aggravated symptoms caused by trauma would usually appear shortly after an accident rather than remaining dormant; that while he could do no more than speculatively suggest the possibility of a connection between the *1354 accident and plaintiff's symptoms, he believed plaintiff suffered from a degenerative disc disease of long-standing. Regarding causal likelihood he deferred to Drs. Kilroy and Hanchey.
These three expert witnesses, all called to testify on plaintiff's behalf, apparently convinced the jury that plaintiff had not, in fact, been injured at all. On appeal, plaintiff urges that we reject the opinions of these experts and believe the testimony of 1) John Daniel Jarreau, plaintiff's fiancee, 2) Gayle Elliott, plaintiff's good friend, 3) Dr. John Tassin, a general practitioner and plaintiff's brother-in-law, and 4) plaintiff herself. We find no reason to reverse the jury's finding which is amply supported by the record.
Taylor v. Allstate Insurance Company, 205 So.2d 807 (La.App. 1st Cir. 1967) and Trahan v. Perkins, 197 So.2d 96 (La.App. 1st Cir. 1967) stand for the proposition that a tort causing mental anguish or emotional upset creates a claim for damages separate from physical pain and suffering. Plaintiff alleged mental pain and anguish but proved none.
Plaintiff urges that some award should be made in light of her knee injury and the fact that defendant was found at fault. In Mora v. American Motors Leasing Corp., 364 So.2d 1343 (La.App. 4th Cir. 1978), two plaintiffs were awarded $750 and $500 in general damages after they proved slight injuries from a rear-end collision. See also Moss v. Security National Insurance Co., 350 So.2d 247 (La.App. 3rd Cir. 1977), writ denied 352 So.2d 239 (La.1977). In the present case, plaintiff's alleged knee injury was found insignificant by Dr. Tassin. No further evidence, as to either plaintiff's knee or any other injury, was introduced. Clearly, plaintiff does not merit even a nominal award such as that made in Mora.
Numerous cases have held that damage awards of $0.00 are valid where the defendant has admitted or been found liable but the plaintiff fails to prove damages. Tenhaaf v. Wheels, Inc., 367 So.2d 1330 (La.App. 4th Cir. 1979), writ denied 369 So.2d 1379 (La.1979); Williams v. Allstate Insurance Company, 367 So.2d 1318 (La. App. 4th Cir. 1979); Johnson v. Gulf Insurance Company, 362 So.2d 1223 (La.App. 4th Cir. 1978); Simmons v. Pagel, 275 So.2d 847 (La.App. 4th Cir. 1973); Pierrotti v. St. Paul Fire & Marine Insurance Company, 273 So.2d 363 (La.App. 3rd Cir. 1973), application denied 275 So.2d 868 (La.1973).
A jury may not refuse general damages to a plaintiff with objective injuries. Robinson v. General Motors Corporation, 328 So.2d 751 (La.App. 4th Cir. 1976). However,
"before recovery can be granted for the aggravation of a pre-existing condition, plaintiff must establish by a preponderance of the evidence a causative link between the accident and his current status." Bates v. Garrett Marine Supply, Inc., 368 So.2d 1171 (La.App. 3rd Cir. 1979).
Plaintiff proved neither objective injuries nor aggravating trauma. The jury correctly awarded her nothing.
Plaintiff objects to being cast for all costs.
Where a plaintiff proves great damages but no fault on the part of the defendant, plaintiff's suit is dismissed at his costs. It follows that where, as here, a plaintiff proves the defendant at fault but cannot establish damages, the suit must also fall because of plaintiff's failure to prove an essential element of a tort claim. Weiland v. King, supra. Therefore we find no error in the trial court's assessment of costs.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Peggy J. Napoli.
AFFIRMED.