399 So.2d 1242 (1981)
Anita AINSWORTH et vir, Plaintiffs-Appellants,
v.
STATE FARM AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 8216.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*1243 J. P. Mauffray, Jr., Jena, for plaintiffs-appellants.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Stafford, Stewart, Potter, Larry A. Stewart, Alexandria, for defendants-appellees.
Before SWIFT, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a personal injury action by Anita Ainsworth and her husband, Travis L. Ainsworth, growing out of alleged injuries sustained by Mrs. Ainsworth in an automobile collision. The collision occurred on June 14, 1979, in Jena, Louisiana. The matter went to trial before a jury, but after the trial the defendants conceded liability. The only issues before this court are questions related to the award of damages.
The issues are (1) whether the jury erred in awarding only $3,125.60 as medical expenses incurred on behalf of Anita Ainsworth, and (2) whether the jury erred in failing to award Anita Ainsworth damages for her personal pain and suffering.
The jury responded to the special interrogatories as follows:
"INTERROGATORIES TO JURY
"(1) Do you find that Anita Ainsworth was injured in
 the accident of June 14, 1977? [sic]
 Yes (yes or no)
IF YOUR ANSWER IS NO,
YOU DO NOT NEED TO ANSWER QUESTIONS 2
and 3 BELOW
"(2) How much do you award Mr. Travis Ainsworth
 for medical expenses by Mrs. Ainsworth in the
 past and in the future?
 $3,126.60 
"(3) How much do you award Mrs. Ainsworth for
 injuries and all damages resulting form [sic] the
 accident of June 14, 1979?
 $ 0 
 s/ Odis Shavers 
 JURY FOREMAN"
A judgment in accordance with the jury verdict was signed. This appeal is from that judgment.
The record reveals that the Ainsworth vehicle was stopped at a traffic signal on U.S. Highway 84 in Jena, Louisiana, when it was struck in the rear by the vehicle driven by Elva M. Vance.[1] The impact of the accident dented the bumper of the Ainsworth vehicle and compressed the rear bumper isolator.
The medical evidence supports the jury's conclusion that plaintiff was injured in the accident on June 14, 1979. This finding is not manifestly erroneous.
Prior to the accident which is the basis of this suit plaintiff had been involved in several other accidents and had undergone a disc fusion. At the time of the accident plaintiff was under the care of Dr. John J. McCutchen, a neurologist.
Following the accident plaintiff saw Dr. McCutchen on June 26, 1979. At that time Dr. McCutchen hospitalized plaintiff. Plaintiff remained hospitalized from June 26, to July 7. Her treatment included physical therapy, anti-inflammatory medicines and muscle relaxants. Plaintiff was discharged with instructions to continue her medication and conservative treatment at home.
Dr. McCutchen opined that in the June 14 accident plaintiff received a shock and trauma to the nervous system and spine with severe aggravation of the cervical spine including the sites of the previous fusion. Dr. McCutchen felt that this aggravation would accelerate disc degeneration.
Dr. I. C. Turnley, a general practitioner in Jena, Louisiana, testified that he saw plaintiff on July 9, 1979, following the accident and her discharge from the hospital. At that time plaintiff's main complaint concerned her neck. Dr. Turnley diagnosed a slightly irritated sciatic nerve.
*1244 We find no error in the jury's award of $3,125.00 in past and future medical expenses. The plaintiff contends the jury abused its discretion by failing to award the full amount of medical expenses incurred and a reasonable amount for future medical expenses. We believe the jury reasonably concluded that the aggravation of plaintiff's pre-existing back condition caused by the accident of June 14 was resolved upon plaintiff's discharge from the hospital on July 7.
We infer that this was the jury's conclusion from the fact that the jury awarded $3,125.60 in medical expenses. This award represents the expenses incurred from June 26 to July 7, the period of Anita Ainsworth's initial hospitalization. It is our opinion that the jury did not feel that Anita Ainsworth's second hospitalization from July 20 to August 1 was causally related to the accident of June 14. This conclusion is not manifestly erroneous. The jury did not abuse its much discretion in awarding $3,125.60 to cover the expenses incurred for the period of June 26 to July 7.
The jury did not err in failing to make an award for future medical expenses. Such an award is not proper in the absence of medical testimony indicating that these expenses will be incurred and an estimate of the probable cost of the medical treatment. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), writ denied, 256 La. 266, 236 So.2d 36. The record contains no testimony as to future medical expenses, therefore, an award is not proper.
Having found that plaintiff was injured in the June 14 accident the jury erred in failing to award plaintiff general damages for her pain and suffering.[2] A jury may not refuse to award general damages to a plaintiff who proves that he sustained injury as a result of the defendant's negligence. See Brown v. Grigsby, 394 So.2d 847 (La.App. 3rd Cir. 1981) and Robinson v. General Motors Corporation, 328 So.2d 751 (La.App. 4th Cir. 1976). The failure to award general damages is an error of law which we must correct on appeal. In such circumstances we are guided by the principle of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We award plaintiff $3,000.00 in general damages.
Plaintiff, Anita Ainsworth, claims she is entitled to an award for lost income, past and future. Anita Ainsworth and Jeannette Ainsworth operate the Tiny Tot Nursery. These two ladies testified that they divide the net income of the nursery equally. Anita Ainsworth testified that she missed 117 days of work from the accident of June 14 until the date of the trial. Plaintiff stated that a substitute worker was paid $12.00 a day to work the days plaintiff missed. Plaintiff contends she lost $6.00 per day (her one-half of the wages paid) for each day the substitute worker worked for a total of $702.00. Plaintiff's claim for loss of income prior to trial because of sums allegedly spent to engage a substitute worker to replace her are without corroboration. Plaintiff produced no receipts or canceled checks showing the amounts paid, nor did she identify or produce the substitute worker in an attempt to substantiate her claim.
In Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971) the Louisiana Supreme Court considered the standard of proof with respect to loss of earnings. The standard applied in such cases is the "more-probable-than-not" standard, and even in cases where the proof *1245 consists primarily of the claimant's uncorroborated testimony, this proof is entitled to great weight where the claimant's testimony is uncontradicted. In the case before us the jury was entitled to make a credibility evaluation and to consider the circumstances of the matter and the prior working arrangement of the plaintiff-appellant and her partner. On the basis of the record and the jury's opportunity to hear the testimony we cannot say its failure to award a sum for loss of income prior to trial was clearly wrong. Therefore, we will not disturb the jury's finding.
Plaintiff contends she is entitled to recover $9,048.00 for future loss of income ($312.00 per year until age 65). To support an award for loss of future income plaintiff must prove the loss with reasonable certainty. Plaintiff, Anita Ainsworth, did not sustain the burden in this case and is not entitled to such an award.
We amend the judgment below to award plaintiff Anita Ainsworth $3,000.00 in general damages. In all other respects the judgment below is affirmed. Costs of this appeal are to be borne by defendant.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] Mrs. Vance was driving her sister's vehicle which was insured by State Farm Mutual Automobile Insurance Company. The original defendants were Elva M. Vance and State Farm. By a supplemental petition Prudential Property and Casualty Insurance Company, the liability insurer of Mrs. Vance, was added as a defendant in lieu of Mrs. Vance.
[2] On behalf of defendants it is contended the Louisiana Supreme Court has confirmed the principle that a trier of fact may make an award of "zero" for general damages. Defendants cite Napoli v. State Farm Mutual Automobile Insurance Co., 395 So.2d 720 (La. 1981), affirming the opinion of the Court of Appeal for the First Circuit in the case reported at 387 So.2d 1351 (La.App. 1st Cir. 1980). The Napoli case may be distinguished on the ground that in Napoli the court agreed "that the record does not support a finding that the accident caused the [plaintiff's] injury." With respect to Anita Ainsworth the jury made a specific finding in jury interrogatory number one that she was injured in the accident in question. The record supports a finding that she was injured and suffered from the effects of injury for a period of time.