LABORDE, Judge. .
This is a slip and fall case brought by James R. Mills against The Southland Corporation and its insurer,' American Motorists Insurance Company. A jury returned a verdict in favor of plaintiff in the amount of $1,050.00. The jury further found plaintiff to be 90% contributorily negligent in causing his own injury. The trial court reduced the verdict by this percentage and rendered judgment in favor of plaintiff in the amount of $105.00. Plaintiff appeals this judgment asserting that the jury’s award of damages was inadequate, and that the jury’s finding of 90% contributory negligence on behalf of plaintiff was manifestly erroneous. We disagree and affirm the judgment below.
Plaintiff owns JB’s Lounge, a bar in Westlake, Louisiana. After closing down for the evening at eleven o’clock, he was requested to escort two of his employees, Gloria Cherry and Francine McLaughlin, home. On the way, they decided to stop at a 7-11 some two miles from the bar to pick up two cases of beer. The Southland Corporation owns 7-11. Plaintiff testified that he arrived at the 7-11 between 11:00 and 11:15 PM. He further testified that he does not drink while working, but said that on the night of the accident, he had two or three beers after work, prior to entering the 7-11. Plaintiff testified that he walked up to the sales clerk, Mr. Dwayne Matthews, and asked for two cases of beer. Mr. Matthews, busy with customers at the time, is alleged to have told plaintiff to “go in the cooler and get ’em, you know where they’re at.” Wearing flip-flops, plaintiff says he walked into the well lighted storage room. He reached down, picked up two cases of beer, slipped and fell on his side landing on a stack of beer. Regaining composure, plaintiff was helped up and noticed squished and rotten apples all over his body as well as on the floor. Plaintiff admits that there “[m]ust have been at least four or five, or more” apples on the floor and that the apples were “plain as day.” Inexplicably, plaintiff says that he did not see these apples when he walked in; they became “plain as day” only after his fall.
Plaintiff testified that he left the 7-11, rode around Westlake drinking beer for awhile, and, finally, went to the hospital. X-rays revealed two broken ribs. This injury, plaintiff avers, was so severe as to prevent him for two months from serving drinks and working as a skidder driver for a logging contractor for whom he allegedly worked. Plaintiff offered no documentary evidence to support his lost wages claim.
Plaintiff’s testimony regarding the accident, injury, and resultant disability was tracked by his employees. Plaintiff’s testimony at trial, however, diverged many times from his previously sworn statements made during his deposition which was admitted at trial. Defendants’ attorney pointed out these discrepancies to plaintiff whose attempt to explain can only be described as lame.
Defendants’ chief witness, Dwayne Matthews, testified through deposition. As *1158 sales clerk, the only employee during the graveyard or 11 to 7 shift, Mr. Matthews was checking out customers when plaintiffs party entered the store. Mr. Matthews testified that plaintiff entered the store, staggered to the storeroom and announced loudly with impeded speech that he was going to get some beer. Mr. Matthews, busy with customers, stated that he warned plaintiff not to enter the cooler because that is an unauthorized section of the store for customers. Mr. Matthews noted that a large red and white sign attached to the storage room door clearly stated “EMPLOYEES ONLY.” Mr. Matthews says he repeated his order not to enter the storeroom and added that he alone would procure the cases from the back. Minutes later, Mr. Matthews says he heard a crash, like a six-pack breaking, and rushed to the storeroom where he witnessed plaintiff prone on the floor littered with squished apples and beer. Mr. Matthews helped plaintiff up and asked if plaintiff was hurt. According to Mr. Matthews, plaintiff was silent and “just staggered back out the door the same way he came in.” Mr. Matthews stated categorically that the storeroom floor prior to the accident was free of debris including apples. Restocking had been completed fifteen to thirty minutes earlier and no one entered the room in the interim. The apples had been in a box near the beer.
James Rowland was at the 7-11 on the night of the accident. He saw plaintiff enter and described him as “kind of loud and — you know, you can tell when a person’s [sic] drinking pretty heavy, but he wasn’t, say, drunk, but he was tipsy.” Mr. Rowland neither heard plaintiff state that he was getting beer, nor Matthews state not to enter the storeroom. Mr. Rowland testified that Mr. Matthews did not know where plaintiff was going and that plaintiff was not told to go in the storeroom and help himself to the beer.
Dr. Crookshank, a physician at W.O. Moss Regional where plaintiff was taken, testified that he diagnosed plaintiff as suffering from two broken ribs and that plaintiff was “also heavily intoxicated.” Dr. Crookshank took the history from plaintiff who stated that he had been drinking heavily during the evening. The medical records reflect, and the witness reiterated, that plaintiff was uncooperative.
After carefully reviewing the record, we detect no manifest error or abuse of discretion. The jury chose to believe portions of plaintiff’s and defendants’ case. It is their job to determine credibility, not ours. Finding plaintiff 90% contributorily negligent, in light of plaintiff testifying that he had not seen the “plain as day” apples, is not clearly wrong. As far as plaintiff’s complaint of an inadéquate award, we find plaintiff failed to prove damages in excess of $1,050.00. We agree that plaintiff’s testimony can reasonably establish proof of damages, Jackson v. Tate, 428 So.2d 882, 884 (La.App. 1st Cir.1983), if the plaintiff’s testimony is considered credible by the trier of fact. Bize v. Boyer, 402 So.2d 110, 116 (La.App. 3d Cir.1981), affirmed, 408 So.2d 1309 (La.1982); Ainsworth v. State Farm Automobile Insurance Company, 399 So.2d 1242, 1245 (La.App. 3d Cir.1981). Plaintiff’s unsupported testimony as to loss of earnings was apparently unbelievable to the jury.
For the above and foregoing reasons, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.