PLOTKIN, Judge.
Appellee Veronica Quirk, a student at the University of New Orleans, was injured April 23,1990, when she fell while attempting to sit in a theatre-style seat in the amphitheater of the Liberal Arts Building, where she was attending a lecture. As she attempted to sit down, the seat collapsed, causing her to fall backwards and strike her head and neck on the step. The appellee filed suit alleging that she sustained injuries to her head, neck, elbows, and left wrist as a result of this fall.
The matter was tried on September 14, 1992. The Board of Supervisors of Louisiana State University stipulated to liability, and the court agreed to review the medical evidence and the memoranda of the parties with regard to quantum in order to determine the amount of damages. The court awarded $17,500 in general damages and $1,580 in medical expenses.
The appellant brought this appeal, alleging three assignments of error: (1) that the trial court erred in failing to dismiss the appel- *1346 lee’s suit because she fail to establish damages; (2) that the reasons for judgment are contrary to the law and evidence; and (3) that the general damage award of $17,500 is excessive because the medical reports all show that there were no objective findings of injury by the appellee’s doctors.
The appellee urges dismissal of this appeal, contending that the appellant waived its right to appeal when it stipulated to liability. The right to be appeal is very broad and will not be considered forfeited in the absence of a clear demonstration by the party that it is intentionally abandoned. First Acadiana Bank v. Bieber, 562 So.2d 1025 (La.App. 3d Cir.1990), reversed on other grounds 582 So.2d 1293 (La.1991). We find that in executing the stipulation as to liability, the appellant did not waive any rights with regard to appealing the damage issue.
The appellant’s first and second assignments of error are similar and will be treated together. La.C.C. art. 2315 provides that a party who has been injured as a result of an offense or quasi-offense is entitled to recover for any damages caused by the fault of the tortfeasor. The elements of a cause of action are fault, causation,- and damages. Gresham v. Davenport, 537 So.2d 1144, 1146 (La.1989). The plaintiff has the burden of proving by a preponderance of the evidence a causal relationship between the accident caused by the defendant’s fault and his injuries. American Motorist Insurance Co. v. American Rent-All, Inc., 579 So.2d 429, 433 (La.1991). The appellant contends that Ms. Quirk’s medical records contain mostly subjective complaints of pain from the appellee and that there is little objective evidence of the alleged injuries. The medical findings, as described by the appellant, show that the appellee had a normal range of motion, normal vertebral alignment, no spasms, and no tenderness. The records also show that Ms. Quirk continued to perform her regular work as a secretary, but that she used a number of techniques to avoid twisting and turning her neck.
Appellee went to Dr. Bernard Manale with a complaint of neck pain for an orthopedic examination on December 13, 1990. She visited his office four times between that date and March 14, 1991. She gave a medical history similar to the one previously given to Dr. Battalora. Dr. Manale concluded that the patient’s symptoms were compatible with chronic cervical sprain.
Dr. Manale referred appellee to Dr. Charles Aprill, who did an MRI on February 14, 1991. According to his report, the cervical MRI did not demonstrate any convincing abnormality. There were some disc margins at C5/6 and C7/8 which were prominent but not definitely abnormal.
The appellee also visited a neurosurgeon, Dr. Toussaint Leclercq, on October 25, 1991 for evaluation of “head heaviness on the neck” and stiffness in the neck. It was his impression that the pain was a result of cervical facet arthropathy. He ordered a cervical arthrogram and block, but the record contains no evidence that appellee ever returned for the followup evaluation. He was also of the opinion that the appellee’s present symptoms and complaints are related to the accident with a reasonable degree of medical certainty.
There is no live testimony in the record. However, the appellee submitted medical records from four doctors to substantiate her claim of injuries. Dr. George Battalora, an orthopedic surgeon, saw the appellee three days after her fall. His report contains a listing of her symptoms, as relayed to him by Ms. Quirk. In the opinion of Dr. Battalora, the patient had sustained a mild contusion and strain injuries to the neck and lower back as well as the left wrist. He placed her on salicylate and Tylenol, and she was advised to limit her activities. Ms. Quirk visited Dr. Battalora on April 26, 1990. She did not return until five months later, in September, 1990. Her last visit was on November 26, 1990, when she was x-rayed; intermittent cervical traction was prescribed.
Appellant contends that the case of Napoli v. State Farm Mutual Automobile Insurance Company, 387 So.2d 1351 (La.App. 1st Cir.1980), should be the guiding precedent in these circumstances. In Napoli, the plaintiff failed to collect any damages where she did not provide proof of objective injuries or aggravating trauma. The Napoli case is dis *1347 tinguishable, however, in that the plaintiff had actually been suffering with a chronic degenerative disc disease for several years prior to the accident. Unlike this case, the medical testimony in Napoli ruled out any causative link between the accident and the plaintiffs back problems. Id. at pp. 1353-54.
In its reasons for judgment, the trial court stated that its award was based on the seven to eight months that the appellant was treated for the chronic cervical sprain by Dr. Battalora, the fact that she was still experiencing pain two and one-half years after the accident, and the fact that she was asymptomatic and had no prior injuries to her cervical area before this accident.
We are convinced that there was ample medical evidence to establish that the fall sustained by appellee on appellant’s campus was the cause of her injuries and that the findings of the trial court were reasonable, based upon the evidence.
Finally, the appellant urges the court to reject the damage award to the appellee because it is excessive.
Regarding the quantum issue, the trial judge is given great, “even vast,” discretion in awarding general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). The standard of review for damage awards requires a showing that the trier of fact clearly abused the great discretion accorded the trier in awarding damages and, in effect, the award must be so high or low in proportion to the injury that it “shocks” the conscience. Reichert v. Barbera, 601 So.2d 802 (La.App. 4th Cir.1992). Absent a clear abuse of discretion, meaning an award “beyond that which a reasonable trier of fact could assess for the effect of the particular injury to the particular plaintiff under the particular circumstances,” an appellate court should not tamper with the quantum of damages awarded. Youn, 623 So.2d at 1261.
The appellee cites several examples of the quantum awards in other cases to counter the argument that appellee was awarded excessive damages. In Aisole v. Dean, 574 So.2d 1248 (La.1991), a plaintiff who suffered considerable pain as a result of a temporary back injury was awarded $55,000 in general damages. In Fernandez v. M/V Rio Limay, 572 So .2d 730 (La.App. 4th Cir.1990), the plaintiff suffered a chronic lumbar strain, part of which was due to a prior injury. He was treated for eighteen months and his medical bills totalled $4,445.00. He was awarded general damages in the amount of $15,000.00.
In Friedman v. Lando, 573 So.2d 1255 (La.App. 4th Cir.1991), plaintiff suffered cervical and lumbar soft tissue injuries and was treated for one year. At the time of trial, she still had occasional neck and shoulder pain. She was awarded $35,000.00 in general damages.
Based upon the foregoing, we find that the trial court did not abuse its discretion and that the damage award was not excessive. The judgment of the lower court is affirmed.
AFFIRMED.