KLIEBERT, Judge.
The defendant, Gregory W. Ehlman, brought this appeal of a judgment against him in the amount of $7,221.75 plus interest and costs. The judgment is in favor of James Granger, Jr., plaintiff, for injuries sustained in an automobile accident. The appeal is on liability and quantum. We affirm the trial court.
On March 3,1979, Granger was travelling east on 1-10 from LaPlace towards Kenner. The accident sued on occurred just inside the St. Charles Parish line. This portion of the interstate is raised with a narrow shoulder in the left lane and a larger emergency shoulder on the right lane with two traffic lanes between the shoulders. A hard rain was falling at the time of the accident.
*229 According to the plaintiff’s version of the accident, after having just passed a slow moving vehicle in the right lane of traffic, Granger was operating his vehicle in the left lane (passing lane) when he noticed a vehicle rapidly approaching from the rear in his lane. Gregory W. Ehlman, the defendant, was driving the approaching vehicle.
Plaintiff testified the vehicle overtaking him from the rear hit him in the rear. This caused him to go into a skid and hit the railing. His car turned sideways, straddling both lanes of traffic when he was again hit in the right side by the defendant’s vehicle. As a result of the impact, plaintiff received a black eye and a contusion with some residual scarring to his upper lip. Plaintiff did not actually see the overtaking vehicle collide into the rear of his vehicle.
The defendant testified that a light colored truck “sideswiped” him, causing him to momentarily lose control of his vehicle. As he was regaining control of his vehicle, he spotted the plaintiff’s vehicle straddling both lanes of the highway in front of him. Because of the rain and poor driving conditions, he was unable to stop and collided into the plaintiff’s right side.
The trial judge made a credibility call, found for the plaintiff and awarded $7,000.00 for the personal injuries and the sum of $221.75 for medicals. In so doing, the trial judge stated that it was raining and the defendant should have seen the vehicle ahead of him and should have had his vehicle under control. The trial judge further stated that he did not believe the testimony of the defendant as to a light colored truck and therefore did not find the phantom vehicle theory as an adequate defense.
Where there is evidence before the trier of the facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, an appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). One of the reasons for this principle of review is the trial court’s ability to see and evaluate live witnesses as opposed to an appellate court’s access only to a “cold record”. After a careful review of the record here, we cannot say the trial judge committed manifest error in accepting the plaintiff’s version of the accident over the defendant’s version. Hence, we affirm his ruling on liability.
The appeal was on quantum as well as liability. The plaintiff’s total medical expenses were $108.50 for treatment and $113.00 for medical services. The trial judge quoted the following from plaintiff’s trial court brief on his evaluation of the personal injuries:
“... Plaintiff sustained a laceration to the upper lip requiring both internal and external sti(t)ches. Besides swelling of the lip, which lasted approximately two months, his left cheek was contused and swollen for several days. Plaintiff’s eye was also blackened and remained so for several weeks. It was apparent to the court through visual examination that the plaintiff had sustained permanent scarring to the upper lip from the base of the nose to the upper edge of the lip. The scarring was visible from six feet in distance.”
For these injuries, the trial judge awarded $7,000.00 for the personal injuries and $221.75 for the medical expenses and cited cases showing awards ranging from $2,500.00 to $8,500.00. A reviewing court should not disturb the trial judge’s award unless there is a clear abuse of discretion in setting the award. Although on the high side, we cannot say the trial judge abused his discretion here. Accordingly, the trial judge’s award is affirmed. All costs of appeal to be borne by the appellant.
AFFIRMED.