KNOLL, Judge.
The defendants, Charles B. Kilgore and his insurer, State Farm Mutual Automobile Insurance Company, appeal a judgment awarding plaintiff, Myrtle Davis, $15,000 for general damages and $9,936 for lost wages. Liability is not an issue in this appeal. The defendants contend that the general damages award was excessive and that the award for lost wages was not supported by evidence. We affirm the trial court’s awards.
GENERAL DAMAGE AWARD
This lawsuit arises out of a two vehicular accident on October 23, 1981 in Natchitoch-es Parish. At the time of the accident, Charles B. Kilgore was operating a 1978 Chevrolet pickup truck and Myrtle Davis was operating a 1973 Oldsmobile. Mrs. Davis was proceeding in an easterly direction along Louisiana Highway 120, and Mr. Kil-gore was proceeding in a westerly direction. A collision between the two vehicles occurred when Mr. Kilgore made a left turn from La. Hwy. 120 into Settle’s Garage.
As a result of the accident plaintiff sustained injuries to her neck, head, knee, and back. She was transported by ambulance to Natchitoches Parish Hospital where she was hospitalized for eight days. Her family physician, Dr. Charles E. Cook, was her treating physician. Medical examination showed that she had a bruised abdomen and knee, a bump above her right eye, and pain in her back and neck. Dr. Cook prescribed pain shots, hot pack treatments, whirlpool baths, and physical therapy. Plaintiff saw Dr. Cook on seven occasions with complaints of headaches, and pain in her back and neck. Four months after the accident plaintiff developed a vision problem and weakness in the right leg. She also described a seizure problem and sought treatment for this at the LSU-Shreveport medical cen *20 ter. According to the medical testimony the seizures were not a result of the accident.
Plaintiff also consulted two orthopedic specialists, Dr. Fox and Dr. Bundrick, both of Shreveport. Dr. Fox’s diagnosis was that plaintiff had suffered multiple sprains including the lumbar spine and the right side of the neck or cervical spine. Dr. Bun-drick’s diagnosis was that plaintiff had suffered a cervical and lumbrosacral myoliga-mentous strain involving the neck region and lower back and a sprain of the right knee. He prescribed a drug to reduce muscular inflammation. Both specialists concluded that continued conservative treatment was appropriate and referred her back to her family physician, Dr. Cook.
Plaintiff consulted Dr. Robinson, an op-thamologist, concerning her complaints of vision problems. Dr. Robinson found that she had an eye deviation called vertical diplopia [objects that are seen double, vertically] caused by muscle weakness. He found this condition to be consistent with the blow to the head plaintiff received in the accident. He described plaintiff’s injury as aggravating and likely to cause headaches. It was his opinion that she would recover within a year.
In the year following the accident plaintiff continued to complain of headaches, pain in her back, neck, and right leg, and weakness in the legs. She testified of her inability to garden, cut wood, fish, and perform common household tasks. Although she attempted to return to work as a waitress she was unable to work one full day because of pain in her arm, back, neck, and leg. In plaintiff’s opinion, her injuries lessened her performance ability by fifty (50%) per cent.
Prior to the accident plaintiff was obese. She also had a dormant osteoarthritic condition in the lower dorsal spine. The medical testimony established that these conditions slowed plaintiff’s recovery.
It is well established that with regard to appellate review of the much discretion of the trier of fact in the award of general damages, the award should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of discretion by the trial court. Reck v. Stevens, 373 So.2d 498 (La.1979). In our careful review of the record we are unable to say that the trial court abused its much discretion, therefore the plaintiff’s award for general damages is affirmed.
LOST WAGES
Mrs. Davis testified that she was employed as a waitress at a local restaurant. With her salary and tips she averaged $162 per week. Her duties required standing and frequent lifting of heavy objects. As of the time of trial she had not worked for a period in excess of one year. She attempted to work on one occasion but was unable to continue because of pain in her back, arm, leg and neck. Dr. Cook stated that: “... it would probably be hard for her to do it [return to work] if the back and neck are still hurting her like they have been.”
Defendants assert that plaintiff’s failure to substantiate her loss of wages with tax returns or the testimony of her employer is fatal to her claim for loss of wages. We disagree. It was established in Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971) that claimant’s uncorroborated testimony is sufficient to prove a loss of past wages as long as such proof reasonably establishes the claim. See also Bize v. Boyer, 402 So.2d 110 (La.App. 3rd Cir.1981), affirmed 408 So.2d 1309 (La. 1982). Proof of lost wages is entitled to great weight where the claimant’s testimony is uncontradicted. Ainsworth v. State Farm Auto Ins. Co., 399 So.2d 1242 (La.App. 3rd Cir.1981). On the basis of the record and the trial judge’s observation as a trier of fact we cannot say that the trial court’s award for lost wages was clearly incorrect. Therefore, we will not disturb the trial court’s award for loss of wages.
For the reasons assigned the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.