SCHOTT, Judge.
This is a suit for personal injuries sustained by plaintiff when he was struck in the face by a street sign while riding as a passenger on a streetcar owned by defendant, New Orleans Public Service, Inc. Also made a defendant was the City of New Orleans, owner of the street sign. Following a bench trial the court dismissed his suit, and he has appealed.
On October 24, 1979, plaintiff was a passenger on a Public Service, Inc. streetcar. As the streetcar approached the stop where plaintiff was to exit, he moved to an empty seat in front of the one he had been occupying. As he was moving into this seat, while still standing and facing the window, he leaned forward from the waist in order to look out the open window to determine how near his intended stop was. While leaning forward in this fashion, he lost his balance causing his head to be projected through the open window. At that mo *1125 ment his head struck a traffic control sign owned by the City of New Orleans.
The trial judge, in dismissing plaintiffs suit, did not accept plaintiffs uncorroborated testimony that the streetcar was traveling in an unsafe or unusual manner at the time of the accident. The court also found no negligence on the part of the City. The trial judge felt the most plausible explanation for the accident was that plaintiff, “just lost his balance as result of the manner in which he was attempting to look out of the window.”
Plaintiff has confined his argument on appeal to the assertion that the trial judge erred by not finding the City negligent for placing its street sign too close to passing streetcars. In this case the sign was fourteen and one half inches from the side of the streetcar and six feet, ten inches above the ground at its nearest point to the streetcar.
Actionable negligence results from the creation or maintenance of an unreasonable risk of injury to others. Not only is the seriousness of the harm that may be caused relevant in determining whether a risk is unreasonable, but also the likelihood that harm may be caused. Guilbeau v. Liberty Mutual Insurance Company, 338 So.2d 600 (La.1976).
In this case the likelihood that someone would be injured by projecting a part of his body fourteen and one half inches through the open window of a moving streetcar and striking a sign at that spot was too remote so as to constitute an unreasonable risk of injury to others. It is true, as plaintiff argues, that under a duty-risk analysis defendant had a duty to protect streetcar passengers from the type of injury suffered by plaintiff. However, this duty was met because the sign was located far enough away from the streetcar window so as not to create an unreasonable risk of injury to others. It is likely that a streetcar passenger might rest his elbow on the ledge of the open window or even extend his neck outward a couple of inches to see what is approaching. This possibility the defendant clearly protected against. However, it is not likely that a streetcar passfenger would extend his head and neck as far as plaintiff did in this case through the streetcar window.
Plaintiff places much emphasis on the fact that defendant’s general policy is to install all street signs eighteen inches from the sides of passing streetcars and that the sign plaintiff struck did not have an eighteen inch clearance between it and passing streetcars. However, while customary practices may be relevant in determining negligence, they are not conclusive or controlling in the judicial determination of whether unreasonable risk has resulted from the conduct in question. See Guil-beau, supra. It is not a breach of defendant’s own general policy provisions, but the creation of an unreasonable risk of injury to others, an element not present in this case, which creates actionable negligence.
Furthermore, findings of negligence are subject to the manifest error standard of Canter v. Koehring, 283 So.2d 716 (La.1973). See Bonnet v. Slaughter, 422 So.2d 499 (La.App. 4th Cir.1982). Our review of the record does not indicate the trial judge committed manifest error by concluding the City of New Orleans was not negligent under the circumstances of this case.
Accordingly, the judgment is affirmed.
AFFIRMED.