463 So.2d 20 (1985)
Herbert E. MILLS
v.
SENTRY INSURANCE COMPANY.
No. 84-CA-171.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
Writ Denied March 15, 1985.
Richard J. Boutall, Metairie, for plaintiff-appellant.
Joseph R. McMahon, Jr., New Orleans, for defendant-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CHEHARDY, Judge.
Herbert E. Mills instituted this suit for personal injuries allegedly sustained in a slip-and-fall accident at Earl's I-10 Shell Service Station, 6600 Veterans Highway, Metairie, Louisiana. The suit was a direct action against Earl's insurer, Sentry Insurance A Mutual Company (incorrectly referred to as Sentry Insurance Company).[1] Following trial on the merits, judgment *21 was rendered dismissing plaintiff's demand at his cost. Plaintiff has appealed.
Plaintiff was the only witness to testify about the occurrence of the accident; although one of his sons was present, he did not see the father slip or fall.
Plaintiff's version of the incident is as follows:
Mr. Mills had taken his automobile to the service station for repairs on the morning of February 20, 1981. Late that afternoon after work plaintiff's son Stephen drove his father to the station in his truck to pick up the automobile.
The automobile was parked at the service station facing Veterans Highway next to a sidewalk adjacent to the rest room. Stephen parked the truck next to his father's automobile, facing in the opposite direction (i.e. toward Airline Highway.)
Mills got out of the truck and went to look under the hood of the car to check on the repairs and then went into the men's room to wash his hands.
When Mills came out of the rest room he claims to have tripped on a piece of rusty metal protruding 3/8 inches above the sidewalk between the sidewalk and the curb. His automobile broke the fall, but he went down hard on his hand and right knee. He got up quickly and brushed himself off. He did not report the accident to anyone at the service station or mention it to his son at that time.
Stephen testified that he saw his father go in and out of the rest room but did not see him trip or fall. He did not recall seeing his father look under the hood of the car. He did notice his father brushing off his pants after he came out of the rest room and asked if he was all right, but his father waved him off and the son drove away in the truck. When he saw his father two days later the leg was swollen and bruised, and the father told him about the fall.
The incident occurred on a Friday afternoon and on the following Monday plaintiff went to the Emergency Room at Ochsner Foundation Hospital where he was seen by Dr. Charles Johnson. He was treated as an outpatient by Dr. Johnson on March 3, 7, 16, 31 and August 28, 1981. Dr. Johnson was not called as a witness.
Plaintiff was examined by Dr. G. Gernon Brown at the request of defendant on November 4, 1981. Dr. Brown found possible internal derangement of the knee, evidence of an old fracture of the right tibia and tear of the medial meniscus. The doctor recommended an arthroscopic examination and possible excision of the torn medial meniscus. Plaintiff was seen on eight occasions by Dr. Brown, and treated with anti-inflammatory drugs and an elastic support.
Dr. Brown was unable to state whether plaintiff's knee problems resulted from the injury in suit or from an earlier injury when plaintiff broke his leg in 1967. He considered the prognosis good, even though plaintiff declined the arthroscopic examination and operation.
Earl Larrieu, who leases the station from Shell, testified plaintiff never told him about any accident until the following week. He and plaintiff then examined the area where the incident occurred and could find nothing. He had Shell inspect the area and they made no repairs to the curb or sidewalk because there was nothing to repair.
In reasons for judgment the trial court stated it found strong evidence as to the nature of the injury, but the testimony did not convince the court that plaintiff's version was true and correct. It did not show it was "more likely than not that plaintiff was injured at defendant's service station."
We agree with that conclusion.
We note that defendant denied having prior problems with his right knee both during a deposition and at the time of trial. However, in another law suit filed by him in 1975 he acknowledged that he had suffered an injury to his right knee at that time.
The case was reopened at the request of both parties to introduce new evidence. Plaintiff wanted to show that Mr. Larrieu, *22 who had denied he was a personal friend of plaintiff's, had frequently cashed checks in substantial sums for plaintiff, and defendant wanted to introduce evidence of prior injury to plaintiff's knee.
At that time defendant introduced a certified copy of the records of East Jefferson Hospital which clearly established that plaintiff suffered an injury to his right knee on April 12, 1975, the subject of the prior law suit.
Plaintiff must prove by a preponderance of the evidence that it is more probable than not that the harm complained of was caused by defendant. Napoli v. State Farm Mut. Auto. Ins. Co., 387 So.2d 1351 (La.App. 1st Cir.1980), affirmed 395 So.2d 720 (La.1981).
Failure to call a treating physician creates a presumption that his testimony would have been unfavorable. Liner v. Patrick, 421 So.2d 391 (La.App. 1st Cir. 1982); Vidrine v. Sentry Indemnity Co., 341 So.2d 558 (La.App. 3d Cir.1976), writ refused, 343 So.2d 202 (La.1977); Bailey v. St. Paul Fire & Marine Insurance Company, 268 So.2d 697 (La.App. 1st Cir.1972).
Of course this is a rebuttable presumption, but we do not agree that plaintiff's failure to call Dr. Johnson would have merely been cumulative evidence, as suggested by plaintiff. He was seen on six occasions by this doctor prior to his examination and treatment by defendant's doctor. We regard Dr. Johnson's testimony as to whether or not the knee problem was caused by this accident vital to plaintiff's claim.
This is particularly true in view of plaintiff's prior injuries in 1967 and 1975, and the fact that Dr. Brown could not state with certainty that plaintiff's present knee problems are related to this incident.
As stated in the landmark case of Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973): "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." See also Sosa v. New Orleans Public Service Inc., 454 So.2d 1124 (La.App. 4th Cir. 1984).
We find no manifest error here.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Shell Oil Company was named an additional defendant by supplemental and amended petition, but was never served.