DOMENGEAUX, Judge.
This appeal, brought by the plaintiffs’ underinsured motorist carrier, arises following a judgment in the plaintiffs’ favor and against the appellant. The appellant assigns as error the trial court’s award of $10,000.00 to one of the plaintiffs, and the *967 district judge’s alleged failure to credit the appellant with the $5,000.00 primary liability policy of the tort-feasor.
On March 11, 1982, Linda Fontenot and her three-year-old daughter, Kate, were rear-ended by James A. Ryder. Prior to this collision Mrs. Fontenot had stopped her vehicle and activated her left-turn indicator as she prepared to turn into Pitre’s Conoco Station in Ville Platte. Mr. Ryder, following in his pickup truck, failed to notice that Mrs. Fontenot’s vehicle was stopped. Mr. Ryder hit the rear of the Fontenot vehicle, sending it over the center line and into the path of an oncoming eighteen-wheeler.
The force of these two collisions whipped Mrs. Fontenot around in her seat and bounced daughter Kate over the back seat of the car. No ambulance was called, but both accident victims went to the emergency room at the local hospital for examination. The doctor on duty there, Doctor Dupre, examined the frightened and crying Kate but found no evidence of injury. However, Mrs. Fontenot complained of pain in her neck, upper back, and left shoulder. Doctor Dupre’s examination prompted a diagnosis of mild to moderate spasms in those areas. All other tests, including neurological examinations and x-rays were normal. Both victims were released without being admitted to the hospital.
Six days later, Mrs. Fontenot returned to Doctor Dupre complaining of mild spasms and pain in her upper back. Physical therapy and heat treatments were prescribed. Mrs. Fontenot again sought the advice of Doctor Dupre on May 11, 1982. Although Mrs. Fontenot complained of no symptoms on that date, she recited that she had been experiencing intermittent periods of soreness and pain. At this appointment Mrs. Fontenot asked to be released from Doctor Dupre’s care. The doctor stated in deposition that he reluctantly agreed as he felt that it would be a full one to one and one-half years before Mrs. Fontenot would have fully recovered from her injuries.
On February 17, 1983, pain in her left shoulder caused Mrs. Fontenot to seek the professional care of Doctor Anders. The physician discovered no objective findings to substantiate the plaintiff’s complaints, but nevertheless prescribed ten days of Bu-tazolidin. Mrs. Fontenot’s pain continued post-treatment, and so, on March 4th Doctor Anders ordered an arthrogram conducted. This diagnostic test was interpreted by Doctor Anders as showing the possibility of adhesive capsulitis. Therefore, a two to three week therapy program was prescribed. The therapy successfully relieved some of Mrs. Fontenot’s symptoms, but because a residual amount of pain remained Doctor Anders decided that Mrs. Fontenot was indeed suffering from a minimal case of adhesive capsulitis.
On January 31, 1983, Mrs. Fontenot and her husband, B.G. Fontenot, on behalf of his minor child, filed suit in the Thirteenth Judicial District Court against James A. Ryder and his.liability insurer, Mid-American Indemnity Company, seeking recovery for alleged personal injuries sustained in the auto accident of March 11, 1982. At the request of the defendants’ attorney, Mrs. Fontenot was examined by Doctor Mayer on May 16 and December 8, 1983. At both examinations Mrs. Fontenot complained of pain or soreness in her left shoulder. Although Doctor Mayer did not feel the patient was exaggerating her complaints, he could find no objective symptoms of a treatable orthopedic diagnosis. Doctor Mayer’s conclusion was that Mrs. Fontenot was suffering from a sprain. The possibility of adhesive capsulitis was overruled because Mrs. Fontenot had full range of motion in her shoulder which was a phenomenon that Doctor Mayer believed to be inconsistent with that diagnosis.
By amended petition filed on July 26, 1983, the plaintiffs named as an additional party defendant their under-insured motorist carrier, Louisiana Farm Bureau Casualty Insurance Company. On April 14, 1984, the day trial began, the district judge signed a judgment of dismissal in favor of James Ryder and Mid-American Indemnity Company based on a compromise reached *968 between the plaintiffs and those defendants. However, it is important to note here that the trial court was not made aware of the terms of that settlement. Although Mr. Ryder stated at trial that he had “5-10-5” insurance coverage, a stipulation between the plaintiffs and the remaining defendant, Louisiana Farm Bureau Casualty Insurance Company, which established that the plaintiffs had settled with the dismissed defendants for a total of $5,300.00, was not filed into evidence until the day judgment was signed.
Ultimately, the trial judge found in favor of Mrs. Fontenot and against the defendant, Louisiana Farm Bureau Casualty Insurance Company, in the amount of $10,-000.00 plus medical expenses of $868.93, and in favor of B.G. Fontenot on behalf of his minor daughter, Kate Fontenot, in the sum of $750.00 in addition to $72.00 in medical expenses.
From this judgment the Louisiana Farm Bureau Casualty Insurance Company has appealed.
The appellant’s first assignment of error alleges that the trial judge erred when he failed to offset $5,000.00 which was the potential exposure of a $5,000.00 per person per accident primary liability policy which covered the tort-feasor, James Ryder. In other words, the appellant claims that any judgment in favor of the plaintiff should be reduced by $5,000.00 per person to determine the amount actually owed by the defendant-appellant to the plaintiff-appellees.
. Appellant’s assignment of error is unfounded. First, the trial judge was aware of the plaintiffs’ settlement with the original defendants, as he was the one who signed the judgment dismissing them. Secondly, although the trial judge was not apprised of the terms of the settlement, evidence produced at trial established that the tort-feasor had liability insurance coverage in the amount of $5,000.00 per person and $10,000.00 per accident. From these circumstances we can only presume that the trial judge assumed that the plaintiffs’ settlement with the original defendants was $5,000.00 or less per plaintiff. Finally, the district court specifically rendered judgment in favor of the plaintiff and “against the defendant, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY....” The wording of the judgment sufficiently establishes the plaintiffs’ award as a debt of the defendant-appellant.
The appellant’s second assignment alleges the trial court’s abuse of discretion in awarding Mrs. Fontenot $10,000.00 above and beyond her medical expenses. “A reviewing court should not disturb the trier of fact’s damage award absent a determination that the fact-finder abused its much discretion under the facts of the particular case.” (Citations omitted). Leleux v. Home Indemnity Company, 457 So.2d 300 (La.App.3rd Cir.1984); see also Richoux v. Hebert, 449 So.2d 491 (La.App.3rd Cir.1983), writ denied, 450 So.2d 368 (La.1984).
In the present case, the trial judge listened to the testimony of two doctors who substantiated Mrs. Fontenot’s complaints of pain. The third doctor, although disagreeing with the diagnosis of adhesive capsulitis, also found Mrs. Fontenot was suffering from unexaggerated pain. In addition, Mrs. Fontenot produced two friends and her mother and husband, all of whom testified to the significant restrictions placed on the plaintiff’s activities and life style because of the pain in her shoulder. While other fact-finders may have awarded a greater or lesser damage award (as indicated by the quantum study provided in both appellant’s and appellees’ briefs) we find the award of $10,000.00 in addition to medical expenses to be within the allowable range of discretion. For that reason, there has been no abuse of discretion by the trial judge and no error in the trial court judgment. Appellant’s second assignment of error is without merit.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.