495 So.2d 379 (1986)
Edna Lee Brady CHATELAIN, Plaintiff-Appellee,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellant.
No. 85-1042.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Rehearing Denied October 30, 1986.
Writ Denied December 19, 1986.
*380 Stafford, Stewart & Potter Larry A. Stewart, Alexandria, for defendant-appellant.
Darrel D. Ryland, Marksville, and Craig S. Gunnel, Jennings, for plaintiff-appellee.
Before FORET, STOKER and KING, JJ.
KING, Judge.
The main issue presented by this appeal is whether or not the trial court erred in awarding $45,000.00 in general damages to the plaintiff who was injured in an automobile accident.
Edna Lee Brady Chatelain (hereinafter referred to as plaintiff) filed suit against United States Fidelity & Guaranty Company (hereinafter referred to as defendant) seeking recovery for damages that she sustained as a result of a collision of her pickup truck with an automobile being driven by Billy G. Lutes, whose automobile was insured by defendant. After a trial by jury, the trial court rendered judgment in favor of plaintiff. Defendant timely appeals the quantum of the damage award. We amend and affirm.

FACTS
On July 20, 1983, an automobile accident occurred involving an automobile driven by Mr. Lutes and a pickup truck driven by plaintiff. The collision occurred when Mr. Lutes attempted to enter a service road adjacent to McArthur Drive in Alexandria, Louisiana, a road on which plaintiff was proceeding and on which plaintiff had the right-of-way. Although the collision was substantial enough that both vehicles had to be towed away, plaintiff apparently told the investigating officer that she was not injured. However when plaintiff went home and changed clothes, she discovered that her knee had been slightly cut in the accident.
A few days after the accident, plaintiff went to the hospital emergency room because she was having constant headaches subsequent to the accident. At the emergency room, X-rays were taken of plaintiff's legs, head and neck, her knee that *381 had been cut was bandaged, and medication was prescribed for plaintiff to relieve her pain. Because plaintiff continued to have headaches, she visited Dr. Wesley Dyer, her family physician, on August 4, 1983, which was approximately two weeks after the accident. Plaintiff visited Dr. Dyer on two additional occasions because of her continuous headaches. Plaintiff also was seen by Dr. Naalbandian at the request of Dr. Dyer.
Since plaintiff was still having continuous headaches, she visited Dr. Jose' Garcia Oller, a neurological surgeon in New Orleans, on May 25, 1984. Plaintiff's attorney apparently referred her to Dr. Abramson, a general practitioner in Marksville, Louisiana. Dr. Abramson, who did not examine plaintiff, referred her to Dr. Garcia Oller. In addition to performing a neurological examination on plaintiff, Dr. Garcia Oller prescribed an exercise program for plaintiff which resulted in plaintiff having fewer headaches.
On July 6, 1984, plaintiff filed suit against defendant, seeking recovery for the damages that she sustained in the automobile accident. After a trial by jury, the trial court rendered judgment in favor of plaintiff and against defendant, in accordance with the jury verdict, in the sum of $45,000.00, representing general damages, and $1,500.00, representing special damages. From this judgment, which was signed on August 22, 1985, defendant has suspensively appealed. Although defendant does not appeal that portion of the judgment holding defendant liable for the damages sustained by plaintiff, nor the amount of special damages found by the jury, defendant alleges the following specifications of error:
(1) The jury erred in awarding $45,000.00 in general damages to plaintiff;
(2) The trial court erred in not granting defendant's motion to strike part of the testimony of Dr. Garcia Oller, regarding his testimony of "disability," and in the alternative, in failing to give an appropriate jury instruction as to the difference between medical impairment and disability;
(3) The trial court erred in failing to give a jury charge that failure to call a treating physician creates an adverse presumption against the plaintiff; and
(4) The trial judge erred in giving a jury charge regarding plaintiff's future wage loss when there was no testimony presented during the trial regarding any future wage loss.

GENERAL DAMAGES
In its first assignment of error, defendant alleges that the jury erred in awarding $45,000.00 in general damages to plaintiff. Before the appellate court can disturb a quantum award made by the trier of fact, the record must clearly reveal that the trier of fact abused its great discretion in making the award. The question to be answered on the appellate level is whether the trier of fact's award can be reasonably supported by the record, not whether a different award may have been more appropriate. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Browning v. Commercial Union Ins. Co., 476 So.2d 559 (La.App. 3rd Cir.1985); Sikes v. McLean Trucking Co., 383 So.2d 111 (La. App. 3rd Cir.1980).
In reviewing an award of damages to determine whether it is inadequate or excessive, the appellate court must look at the individual circumstances of the case before it. Only after a close analysis of the facts reveals a clear abuse of discretion of the trier of fact may the award of damages be altered. Reck v. Stevens, 373 So.2d 498 (La.1979); Hefner v. B.J. McAdams, Inc., 487 So.2d 505 (La.App. 3rd Cir.1986).
In the instant case, plaintiff testified that when the automobile collided with the pickup truck that she was driving, her knees hit underneath the dashboard and her head grazed the window. She further testified that when she went home after the accident, the only thing that was bothering her was her legs. Plaintiff, the manager of *382 Gordon's Jewelers in Alexandria, Louisiana, testified that she did not go to work the next day because she was "sore," and because she woke up with a headache. She also stated that she only had approximately six to ten headaches in her entire life prior to the accident, and that even those prior headaches were only minor headaches.
Plaintiff went to the hospital emergency room a few days after the accident, at which time X-rays were taken of her legs, head and neck, and pain medication was prescribed for her. The X-rays were negative. Since she continued to have headaches, plaintiff went to see Dr. Dyer, her family physician. Dr. Dyer testified that he first saw plaintiff after the accident on August 4, 1983, at which time plaintiff was complaining of headaches, knee pains, and neck pains. His findings at that time were discoloration and abrasions of plaintiff's knees, but no specific abnormal findings as to her head and neck. During this first visit Dr. Dyer prescribed muscle relaxants and pain medication for plaintiff.
Dr. Dyer next saw plaintiff on August 26, 1983, at which time plaintiff was still complaining of severe and persistent headaches. A CAT scan was performed on plaintiff during this visit, which was negative. Plaintiff visited Dr. Dyer once more on November 2, 1983 with the same complaints. Dr. Dyer then prescribed an antidepressant for plaintiff, not because he was treating plaintiff for depression, but because he said it worked well in preventing headaches.
As previously mentioned, plaintiff visited Dr. Garcia Oller on May 24, 1984 because she was still having continuous headaches. Dr. Garcia Oller testified in his deposition that he performed a neurological examination on plaintiff at that time. Dr. Garcia Oller stated that plaintiff has a long neck and low shoulders, and that whiplash injuries of the neck are much worse for a person whose neck is long. Dr. Garcia Oller's diagnosis was that plaintiff suffered an acceleration-deceleration injury of the cervical spine. He further testified that plaintiff had developed a suboccipital and cervical ligament stretch injury as well as bilateral suboccipital neuralgia. Dr. Garcia Oller also testified that since his examination was ten months post accident, and the maximum healing time had elapsed, he recommended an exercise program so that plaintiff could strengthen her neck and shoulder muscles.
Dr. Garcia Oller testified in his deposition that he next saw plaintiff on January 11, 1985, at which time plaintiff reported that she had improved and that her headaches were only occurring about every ten days, as opposed to the prior everyday headaches. He further testified that there was no doubt in his mind that plaintiff's headaches were related to the July, 1983 automobile accident. Dr. Garcia Oller saw plaintiff once more on June 5, 1985. At this time, plaintiff reported that she had not improved any further and that she was still having the headaches about every ten days. Dr. Garcia Oller testified that he therefore gave plaintiff a total permanent disability rating of 3%; 1% for the headache problem occurring every ten days, 1% for plaintiff's dizziness and impending weakness spells, and 1% for her neck joint damage and vertebral artery involvement.
In sum, the evidence presented at the trial indicates that plaintiff has been suffering from painful headaches ever since the accident in July, 1983 and further indicates that she will continue to suffer from these now-periodic headaches.
Our careful review of the record in this case, in view of the legal principles set forth above, convinces us that the award to plaintiff of $45,000.00 as general damages is excessive and constitutes a clear abuse of the great discretion accorded the trier of fact. Plaintiff received no serious bodily injury; was not hospitalized; required no extensive medical care; missed only a few days work; suffered no economic loss other than moderate medical expenses and property damage to the truck she was driving; and is not shown to have endured any extreme pain or suffering other than painful headaches about every ten days.
Since we determine that the trier of fact clearly abused its discretion in formulating *383 the general damage award in this case, we must reduce the damage award to the highest amount that could have been reasonably awarded. Reck, supra; Coco, supra. Our review of the record in this case requires the conclusion that the highest amount of general damages awardable to plaintiff in this case is the sum of $20,000.00. We will therefore reduce the award of general damages from $45,000.00 to $20,000.00.

TESTIMONY REGARDING DISABILITY
In its second assignment of error, defendant contends that the trial court erred in failing to grant its motion to strike part of the testimony of Dr. Garcia Oller regarding his testimony of plaintiff's "disability", and, in the alternative, in failing to give an appropriate jury instruction as to the difference between medical impairment and disability. Defendant argues that Dr. Garcia Oller should have been allowed only to testify as to plaintiff's impairment, not her disability.
When cross-examined regarding the American Medical Association text entitled "Guidelines of the Evaluation of Permanent Disability," Dr. Garcia Oller testified that disability is a term that has to do with the effect of a disease or of an injury on the patient's life activities, and that the above-mentioned text clearly expresses that impairment is purely an anatomical definition. As previously stated, Dr. Garcia Oller testified in his deposition that he gave plaintiff a permanent disability rating of 3%.
Defendant has not cited any authority for its argument that a physician's testimony should be limited to the patient's impairment as defined in this American Medical Association text. The trial court has much discretion in the admissibility of evidence. Generally, the fact that a medical doctor is not a specialist in a particular field applies only to the effect or the weight to be given such testimony, not to its admissibility. Tyler v. Richardson, 476 So.2d 899 (La.App. 2nd Cir.1985), writ den., 478 So.2d 907 (La.1985); Matter of Aaron, 417 So.2d 105 (La.App. 3rd Cir.1982), aff'd on appeal after remand, 434 So.2d 624 (La. App. 3rd Cir.1983). In this case, Dr. Garcia Oller testified that the disability rating that he gave plaintiff was based on his medical experience and his evaluation of plaintiff and not on the American Medical Association's text.
In addition, the trial judge gave the following charge to the jury:
"You should consider each expert opinion received into evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of one expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound or if you feel that it is outweighed by other evidence, then you may disregard the opinion entirely."
We find that this jury instruction adequately stated the law and alerted the jury as to the weight to be accorded Dr. Garcia Oller's testimony. The record reflects that defendant's attorney, in his closing arguments to the jury, also addressed the issue of the weight to be accorded to the testimony of Dr. Garcia Oller, and the distinction between medical impairment and disability. We therefore conclude that the trial court did not err in failing to grant defendant's motion to strike that portion of Dr. Garcia Oller's testimony regarding plaintiff's disability, or in not charging the jury as to the difference between medical impairment and disability.

FAILURE TO CALL TREATING PHYSICIAN
In its third assignment of error, defendant alleges that the trial court erred in failing to give a jury charge that failure to call a treating physician creates an adverse presumption against the plaintiff. As previously mentioned, plaintiff was examined by Dr. Naalbandian at the request of Dr. Dyer. Plaintiff did not call Dr. Naalbandian to testify at the trial. The rule of evidence is that when the plaintiff is unable to provide a sufficient explanation as to why a treating physician's testimony is not introduced, it is presumed that such testimony would be adverse to plaintiff's cause. Mills v. Sentry Ins. Co., 463 So.2d 20 (La. *384 App. 5th Cir.1985), writ den., 464 So.2d 1383 (La.1985); Vidrine v. Sentry Indem. Co., 341 So.2d 558 (La.App. 3rd Cir.1976), writ den., 343 So.2d 202 (La.1977).
In his closing argument to the jury, defendant's attorney also addressed the plaintiff's failure to call Dr. Naalbandian to testify at the trial. The trial judge also gave the jury the following charge:
"After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.
Now, if without justification or explanation either party should fail to call a witness that you deem important, then you make [sic] take this into consideration."
After considering the entire record, including the above-mentioned jury charge, we conclude that even if the trial judge erred in failing to charge the jury that the failure to call a treating physician creates an adverse presumption against the plaintiff, such error is harmless error. This assignment of error therefore has no merit.

FUTURE WAGE LOSS
In its fourth assignment of error, defendant alleges that the trial judge erred in giving a jury charge regarding plaintiff's future wage loss when there was no testimony presented during the trial regarding any future wage loss. Plaintiff contends that there was sufficient evidence presented at trial to warrant the trial judge's jury instruction regarding future wage loss.
Plaintiff testified that she would often sit down in a back room at the jewelry store when she had a bad headache. Her testimony was corroborated by the testimony of Mary Ann Ricks, a part-time employee of Gordon's Jewelers. Mrs. Ricks testified that on occasion plaintiff would go into the back room when her headaches were severe, and obviously could not wait on customers while in the back room. Mrs. Ricks further testified that plaintiff earns a commission on sales, and it is likely that plaintiff has missed some commissions when she went to the back room due to her headaches.
In light of plaintiff's testimony that she is still experiencing headaches and in view of Dr. Garcia Oller's testimony that plaintiff will continue to have headaches on a continuous basis, we find that the record contains a sufficient basis to justify the trial judge's charge regarding plaintiff's future wage loss. Additionally, the trial judge charged the jury that loss of future wages is an item of special damages. The jury awarded $1,500.00 in special damages to plaintiff, yet defendant has not appealed that portion of the trial court judgment. We conclude that the trial judge did not err in charging the jury regarding plaintiff's future wage loss. However, even if such a charge constituted error, we have determined, after weighing the alleged error, that it is harmless. Cormier v. Cormier, 479 So.2d 1069 (La.App. 3rd Cir.1985).
For the foregoing reasons, the judgment of the trial court is amended to award judgment in favor of plaintiff and against defendant in the sum of $20,000.00, for general damages, with legal interest from date of judicial demand, until paid, and in all other respects the trial court judgment is affirmed. All costs of this appeal are taxed against plaintiff-appellee.
AMENDED AND AFFIRMED.