BOWES, Judge.
The present appeal has been perfected by plaintiff-appellant, Martha Bourgeois, from a civil jury verdict from which the trial judge rendered a judgment in favor of defendants and against plaintiff. The jury found that, although Lake Development Corporation and Favrot & Shane, d/b/a Cherrywood Apartments, were at fault, this fault was not a cause in fact of the plaintiff’s injury. We affirm.
Appellant’s claim for damages is based on her allegation that on July 28, 1982, she slipped, but did not fall, in the parking lot of the Cherrywood Apartments while walking to her car to meet her estranged husband. Appellant contends that the mud or other debris on which she slipped came from a pot hole that had been repaired in the parking lot. Testimony at trial revealed the work on the parking lot was completed as of July 23, 1982, at which time the site was cleaned up and the barricades were removed.
Appellant neither reported the accident, nor sought medical attention until several days later. Although appellant’s claim for damages is urged for injury to her knee, in her report to the claims adjuster dated August 13, 1982, she made no mention of a knee injury. Further, she did not mention a knee injury to her treating physicians during her first three office visits over a one-month period (August 10, August 24 and September 9, 1982). Her only complaint was her lower back and some pain in her leg. During the August 10th visit, tests performed upon appellant’s knee showed that her reflexes were normal. Although the record from the August 24 visit does not mention a knee reflex test, the physician who testified on behalf of appellant noted a standard examination would include such a reflex test and the report would have reflected an abnormal knee reflex. The September 9th examination did not include a knee reflex test; however, the treating physician, Dr. John B. Cazale, testified he observed the appellant walking normally on that date.
The first time appellant complained of a knee injury was September 30, 1982, more than two months after the alleged slip, at which time the treating physician noted tenderness and a condition of tendonitis.
We note, with interest, that appellant’s medical history reveals that in 1973 appellant underwent disc surgery arid a fusion as a result of a previous accident. In addition, in early 1982, appellant was treated by an orthopedic surgeon for neck and shoulder injuries when she was battered by her husband. Mr. Bourgeois, in his testimony, admitted wrestling with his wife and that they fell from a bed onto the floor. He also stated she was bruised and scratched in the altercation. At the time of the accident alleged in the instant appeal, the cou- *79 pie were living separate and apart and later divorced in 1985.
Dr. Cazale testified that, in addition to the alleged slip, there were other possible causes for the injury to the appellant’s knee. Specifically, Dr. Cazale was of the opinion that the injury to the knee could have been related to the appellant’s previous disc surgery. He stated, if someone has a problem with a disc and it caused leg pain or pressure on the nerve, it may cause permanent loss of strength in the leg secondary to nerve damage. This would cause the muscles to be in a weakened state, compared to the opposite side. He also stated an increase in activity could have caused the knee problems complained of. Finally, this physician stated the injury could have been caused by further physical violence from the appellant’s estranged husband. Thus, Dr. Cazale was unable to state whether the appellant’s knee problems resulted from the injury in the suit or from one or some of the other factors listed above.
The cases are legion that it is the burden of appellant to prove the causation of the injuries claimed by a preponderance of the evidence. Carter v. City Parish Government, Etc., 423 So.2d 1080 (La.1982). In other words, the plaintiff must show that it is more probable than not that her knee injuries were caused by the appellee, Mills v. Sentry Insurance Company, 463 So.2d 20 (La.App. 5th Cir.1985) writ denied 464 So.2d 1383 (La.1985); Nailor v. International Harvester, Inc., 430 So.2d 784 (La.App. 5th Cir.1983) writ denied 437 So.2d 1148 (La.1983); and that the defendant’s conduct is a substantial factor in bringing about these injuries. Thomas v. Missouri Pacific Railroad Company, 466 So.2d 1280 (La.1985); Lucey v. Harris, 490 So.2d 416 (La.App. 5th Cir.1986); Keller v. Forsythe, 467 So.2d 1315 (La.App. 5th Cir.1985).
In the instant case, the jury could have reasonably concluded that Ms. Bourgeois’ knee injury was caused from the other possible alternatives listed by Dr. Cazale, her own treating physician, or that it was just as likely as not that appellant sustained an injury to her knee during the intervening two months between the alleged slip and when she first reported it to her physician, or that the muscle weakness due to her previous disc surgery manifested itself as the complained-of knee injury. Obviously, the jury found that appellant failed to prove the defendant’s actions were a cause in fact of the knee injury of which she now complains.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
See also Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
We find no manifest error here.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.