GUIDRY, Judge.
Defendants appeal as excessive a jury award for damages sustained by plaintiff in a vehicular accident. We amend the award.
This suit was brought by plaintiff-appel-lee for damages allegedly sustained in an automobile accident which occurred on February 18, 1985, east of Ville Platte, Louisiana, on U.S. Highway 167. One of the appellants, Keith Mattocks, while operating a truck in the course and scope of his employment with Alexandria Petroleum Company, Inc., rear-ended a pickup truck which was owned and being operated by the appellee, Elridge Barzare.
Prior to trial, appellants stipulated to liability. The only issue presented to the jury was the amount of damages to which plaintiff was entitled. The plaintiff hjid been paid his property damages prior to trial and, as he was retired at the time of the *709 accident, he did not have a claim for loss of wages. Accordingly, the only damages he could recover, and the only damages he alleges he suffered, are his past and future medical expenses and general damages for his pain and suffering.
This suit has a long and active history. Suit was originally filed August 19, 1985, by Elridge Barzare against Transit Casualty Company, the liability insurer of Alexandria Petroleum Company, Inc. Subsequently, Alexandria and Mattocks were added as co-defendants.
The first jury trial in this matter was held on May 14 and 15, 1986, with the jury returning a total award of $80,000.00, consisting of past medical expenses of $2,000.00, future medical expenses of $25,-000.00 and general damages of $53,000.00. On May 19, 1986, the trial judge signed a judgment in accord with the jury verdict awarding the appellee $80,000.00. Appellant filed a motion for new trial and in the alternative for a remittitur. The court granted defendant’s motion and on July 7, 1986, ordered a remittitur reducing the award to $28,720.00: $2,000.00 for past medical expenses, $1,720.00 for future medical expenses and $25,000.00 for pain and suffering and, in the alternative, a new trial. Appellee subsequently rejected the remittitur and the trial court ordered a new trial.
Following the second jury trial which was held April 6 and 7, 1987, the jury returned a verdict for $61,500.00, itemized as follows: past medical expenses— $3,500.00, future medical expenses — $18,-000.00 and general damages — $40,000.00. The trial court signed a judgment in conformity with the jury verdict and the defendants appealed.
On appeal defendants-appellants contend that each item of the jury’s damage award is excessive. Additionally, appellants urge that the trial court erred in assessing all costs against appellants, even though the second trial on the merits was the result of the appellee rejecting the trial court’s re-mittitur.
The accident happened on Monday, February 18, 1985. It was investigated by Trooper Richard Ortego, who testified that no one involved in the accident complained of any injury. Plaintiff admitted that right after the accident, his main concern was how to get his pickup truck home.
Barzare testified that he started experiencing pain shortly after the accident, but it was not until he woke up dizzy on the following Thursday morning that he sought medical treatment. At that time, Barzare consulted Dr. Frank Savoy, who diagnosed plaintiff as having a whiplash and prescribed some “pain pills”. The following week, when plaintiff returned to see Dr. Frank Savoy, he was out of town so plaintiff began seeing Dr. Gregory Savoy.
Dr. Gregory Savoy first saw the plaintiff on February 26, 1985. At that time, appel-lee’s main complaint was dizziness. Dr. Savoy felt the dizziness was the result of the medication he was taking, i.e., a muscle relaxant. Dr. Savoy noted some spasm in appellee’s neck, but only on rotation. On this initial visit, appellee voiced no complaint regarding the spasm in his neck.
Dr. Savoy next saw appellee on March 22, 1985, at which time he complained of pain in his neck and shoulders. The doctor opined that plaintiff’s neck and shoulder pain was the result of muscle spasm as opposed to some type of boney injury. He prescribed a new muscle relaxant, which hopefully would not cause plaintiff any dizziness. Although Dr. Savoy continued to see the plaintiff after the March 22, 1985, visit, it was not for complaints connected with the February accident, but rather for an unrelated condition.
Barzare was not satisfied with the treatment provided by Dr. Savoy and decided to consult Dr. Alton Ray LeJeune, a chiropractor. Plaintiff first saw Dr. LeJeune on April 1,1985. The doctor opined that plaintiff was suffering from an acute strain and sprain of the cervical spine with a hyperex-tension due to hyperflexion. Between April 1, 1985, and the date of the second trial, Dr. LeJeune treated Barzare 54 times. At trial, Dr. LeJeune testified that, although plaintiff had improved since treatments started, he had not recovered completely and that, due to his age, he expect *710 ed Barzare to require treatments for the rest of his life. According to the American Experience Table of Mortality in La.R.S. 47:2405, plaintiff’s life expectancy, reckoning from the date of the second trial, is 11.67 years. Dr. LeJeune stated that his current charge for an office visit and accompanying treatment is $60.00 per session and that Barzare needed two treatments per month during warm weather and four treatments per month during the winter. He further stated that up to the date of trial, Barzare had incurred $2,845.19 in charges for professional services.
During the same time he was being treated by Dr. LeJeune, Barzare consulted Dr. Steven J. Snatic, a board certified neurologist in Lafayette. Dr. Snatic saw plaintiff on July 16, 1986, and, after examining him, found mildly restricted motion of the neck in all directions. He reviewed the x-rays taken by Dr. LeJeune and ultimately concluded that Barzare had occipital neuritis and cervical spondylosis, the former being related to the accident and the latter to plaintiff’s age. Dr. Snatic injected plaintiff with an anti-inflammatory drug, prescribed an oral non-steroidal anti-inflammatory and ordered physical therapy. Plaintiff received physical therapy at Humana Hospital in Ville Platte for eleven days. The parties stipulated that the cost of the therapy was $574.30. Barzare returned one time to Dr. Snatic, July 24, 1986, reporting that he had gotten a great deal of relief. He still complained of headaches but these were relieved by Tylenol.
To sum up the medical testimony, the record reflects that plaintiff sustained a whiplash injury (cervical strain and sprain) which also aggravated a pre-existing cervical spondylosis.
Barzare testified that he was symptom-free before the accident, but now he has neck pain and headaches frequently. He stated that Tylenol relieves his headaches and that treatments from Dr. LeJeune help his neck pain. Plaintiff stated that following his accident, many of his leisure activities, such as gardening, camping and hunting, were adversely affected. In rebuttal, it was established that in 1981, Barzare underwent a triple coronary by-pass operation and, following this procedure, his doctor no longer allowed him to use a tiller, so his gardening was restricted at that time. Further, appellee admitted that following his surgery, his hunting was likewise curtailed.
While plaintiff contends that he is still in pain and in need of treatments from Dr. LeJeune, he admits that he no longer goes to the chiropractor on a regular basis, but just when his neck starts to “stiffen up”.
Appellants assignments of error deal with monetary awards to plaintiff for past medical expenses, future medical expenses and general damages (pain and suffering). The principles applicable to appellate review of quantum awards are well settled. As we stated in Chatelain v. United States Fidelity and Guaranty Company, 495 So.2d 379 (La.App. 3rd Cir.1986), writ denied, 498 So.2d 756 (La.1986):
“... Before the appellate court can disturb a quantum award made by the trier of fact, the record must clearly reveal that the trier of fact abused its great discretion in making the award. The question to be answered on the appellate level is whether the trier of fact’s award can be reasonably supported by the record, not whether a different award may have been more appropriate. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Browning v. Commercial Union Ins. Co., 476 So.2d 559 (La.App. 3rd Cir.1985); Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3rd Cir.1980).
In reviewing an award of damages to determine whether it is inadequate or excessive, the appellate court must look at the individual circumstances of the case before it. Only after a close analysis of the facts reveals a clear abuse of discretion of the trier of fact may the award of damages be altered. Reck v. Stevens, 373 So.2d 498 (La.1979); Hefner v. B.J. McAdams, Inc., 487 So.2d 505 (La.App. 3rd Cir.1986).”
Appellants first argue that the jury erred in awarding plaintiff $3,500.00 in *711 past medical expenses when his proven past medical expenses amounted to only $3,419.49. The latter amount represents the past charges of Dr. LeJeune plus the charges for Barzare’s physical therapy treatment at Humana Hospital. The record shows that, in addition to these expenses, plaintiff saw Dr. Frank Savoy, Dr. Gregory Savoy and Dr. Steven Snatic in connection with his injuries. The record also shows that plaintiff lives in Pine Prairie and that all of the doctors he consulted practice outside of that community, necessitating travel to obtain medical treatment. The costs of seeing the three doctors mentioned above were not established at trial and no mileage figures were placed in evidence. The “excess” amount of past medical expenses of which appellants complain is $80.00. Considering the cost of office visits to doctors and the mileage involved, we refuse to disturb the $3,500.00 awarded for past medical expenses. See Dixie Life Insurance Company v. Pacific Mutual Life Insurance Company, 416 So.2d 139 (La.App. 4th Cir.1982).
Appellants next complain of the $18,000.00 awarded plaintiff for future medical expenses. Dr. LeJeune testified that plaintiff would require treatment for the rest of his life at an annual cost of $1,920.00. Dr. LeJeune’s monetary estimate assumes treatments twice a month for the eight warmer months of each year and four times per month during the colder months. It also assumes no improvement whatever in Barzare’s condition.
The record does not support Dr. Le-Jeune’s estimate. In the two years between the accident and the second trial, plaintiff saw Dr. LeJeune a total of 54 times. Barzare was seen by Dr. LeJeune eight times during the first month of treatment and in the month preceeding the second trial, he was seen six times. Barzare’s record of visits in between these dates was very erratic with lapses of eight weeks to four months between visits. Barzare candidly admitted that he no longer went for treatments on a regular basis but only when his neck started to “stiffen up”.
Considering the above, we find the jury’s award for future medical costs clearly excessive. Therefore, we lower this ¿ward to the sum of $10,000.00, which sum, in our view, is the highest award which was reasonably within the discretion of the trial court. See Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), and Guillory v. Avondale Shipyards, Inc., 448 So.2d 1281 (La.1984).
We next consider whether the $40,-000.00 general damage award is excessive.
Plaintiff sustained no broken bones, contusions or lacerations in the accident. He did not require hospitalization nor even as much as a cervical collar. He was never confined to bed. Although Barzare testified that his injuries caused him headaches and a stiffening in the neck, there is no evidence to support a finding that plaintiff suffered any severe or intense pain of long duration. Although plaintiff’s injuries resulted in some curtailment of his pre-acci-dent activities, such activities had been previously restricted as a result of his earlier heart surgery. Appellee’s complaints at trial were limited to a stiff neck and headaches, both of which were treated conservatively.
While Dr. LeJeune, plaintiff’s chiropractor, attributed the narrowing at C4-5, C5-6 and C6-7 on Barzare’s x-rays to the accident, Dr. Snatic, appellee’s neurologist, who examined these same x-rays, was of the opinion that the narrowing shown was due to age and normal body changes.
A close analysis of the medical and lay testimony convinces us that the jury clearly abused its much discretion in awarding plaintiff $40,000.00 in general damages. Having found clear error in this regard, we undertook a search of prior awards to determine an appropriate award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Our review of similar cases[1] *712 prompts our conclusion that the highest award which was reasonably within the discretion of the jury is $25,000.00. Therefore, we will reduce the general damage award in this case to $25,000.00.
In their last assignment of error, appellants complain that all costs of the second trial on the merits should have been cast against plaintiff since the second trial was only necessitated by plaintiffs refusal to agree to a remittitur following the. first trial.
La.C.C.P. art. 1920 provides:
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
This court, addressing the assessment of costs under Article 1920, in Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976), stated:
“The trial court has much discretion in assessing court costs. LSA-C.C.P. art. 1920. The appellate court also is authorized to tax costs as in its judgment may be considered equitable. LSA-C.C.P. art. 2164. The general rule is that the party cast in judgment shall pay all costs of the trial. LSA-C.C.P. art. 1920.”
We find no error in the trial court’s assessing costs against defendants in this case. See also Malone v. Shelter Insurance Company, 503 So.2d 1100 (La.App. 3rd Cir.1987), writ denied, 505 So.2d 1143 (La.1987).
For the reasons stated, we reduce the award for future medical expenses from $18,000.00 to $10,000.00 and reduce the award for general damages awarded plaintiff from $40,000.00 to $25,000.00. In other respects, we affirm the trial court’s judgment. Accordingly, there is judgment in favor of plaintiff, Elridge Barzare, and against defendants, Alexandria Petroleum Company, Inc., Keith Mattocks and The Louisiana Insurance Guaranty Association, in the sum of $38,500.00 plus legal interest from date of judicial demand until paid. Costs of this appeal are assessed to defendants. The assessment of trial court costs against defendants is affirmed.
AFFIRMED AS AMENDED.

. Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537 (La.App. 2d Cir.1987); Fontenot v. Ryder, 479 So.2d 966 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1354 (La.1986); Mendez v. American Fire and Indemnity Company, 468 So.2d 1272 (La.App. 1st Cir.1985), writ denied, 470 So.2d 882 (La.1985); Leleux v. Home Indemnity Company, 457 So.2d 300 (La.App. 3rd Cir. *712 1984); Lonergan v. New Orleans Public Service, Inc., 430 So.2d 213 (La.App. 4th Cir.1983); Davis v. State Farm Mutual Automobile Insurance Company, 441 So.2d 18 (La.App. 3rd Cir.1983); Lee v. United States Fidelity and Guaranty Company, 433 So.2d 903 (La. 3rd Cir.1983).