SCHOTT, Chief Judge.
Plaintiff suffered an injury to her foot while shopping at defendant’s store. She recovered $5,500 in damages which included $557.25 for medical expenses and $4942.75 for general damages. The only *759 issue is whether the general damage award constitutes an abuse of discretion.
On September 22, 1984 at Schwegmann’s a jar fell from a shelf and struck plaintiff’s foot. She went to a hospital emergency room the following day and saw her personal physician, Dr. Florence Jones, on the next day. Dr. Jones diagnosed a contusion with moderate swelling and recommended warm water soaks, an elastic support and medication. On October 5, Dr. Jones found increased swelling and continued tenderness and pain. On October 12, Dr. Jones found some tenderness but no swelling. She saw plaintiff again on October 19 when plaintiffs condition was the same as before, on October 26 when the pain and tenderness had decreased, November 8 when only minimal tenderness remained and November 15 when plaintiff was discharged with no symptoms except the complaint that she experienced discomfort in cold weather. Plaintiff returned to her in February, June, and October, 1987 with complaints of pain and swelling but Dr. Jones stated these problems were the result of arthritis and were unrelated to the accident sued on. Plaintiff also saw an orthopedist in 1987 who also attributed her problems to arthritis which was unrelated to the incident.
In reasons for judgment the trial court found that plaintiffs problems were resolved by November 15 when Dr. Jones discharged her and that subsequent problems were related to arthritis rather than the accident sued on. These findings are supported by the record.
The question is whether $4,900 in general damages is excessive for a contusion of the foot which caused tenderness and pain gradually subsiding and completely resolved in less than two months, which involved seven visits to the doctor, and which required only conservative self treatment at home. We find the award constitutes an abuse of discretion.
The only case cited by plaintiff to support the award is Granger v. Ehlman, 413 So.2d 228 (La.App. 4th Cir.1982) in which plaintiff was awarded $7,000. However, that award was for a cheek contusion with swelling for several days, a blackened eye which remained for several weeks and a laceration to the upper lip which required internal and external stitches with swelling, lasted for two months, and left permanent scarring from the upper lip to the nose visible from six feet away. These injuries are not remotely comparable to the relatively minor injuries suffered by plaintiff.
We have concluded that an award of $2,000 is the highest the trial court could award within the range of its great discretion. Accordingly, the judgment appealed from is amended to reduce the amount of the judgment to $2,557.25 plus interest and costs except that the costs of this appeal are assessed against plaintiff.
AFFIRMED AS AMENDED.