ARMSTRONG, Judge.
Defendant, Schwegmann Giant Supermarkets, Inc., appeals the trial court’s quantum award for general damages in this slip and fall cause of action.
On September 8, 1987, plaintiff, Clara Conino, was shopping in defendant’s store when she slipped on a foreign substance located on the floor and fell. As a result of this accident, Ms. Conino sustained injuries to her knee and foot. On December 17, 1987, plaintiff filed suit against Schweg-mann in order to recover for her injuries.
Suit was brought in Civil District Court for the Parish of Orleans. After a bench trial, the court ruled in favor of the plaintiff, finding the defendant negligent and awarding general damages of $3500.00 and special damages for medical expenses in the sum of $675.00 with legal interest thereon from the date of judicial demand, plus all costs.
From this judgment the defendant has appealed.
Schwegmann contends that Ms. Conino suffered a soft tissue injury in the form of a contusion to the knee and contusion of the right ankle which resolved principally, if not completely, by October 14, 1987, less than five weeks after the date of the accident. Schwegmann argues that Ms. Coni-no’s symptoms and condition had completely resolved and she was asymptomatic less than two months after this accident on her last visit to Dr. Guenther of November 4, 1987. Schwegmann maintains that the trial court abused its discretion in awarding $3500.00 in general damages pursuant to these facts. It argues that this court should reduce the general damages awarded to Ms. Conino to a reasonable amount consistent with the facts, but in any event, no greater than $2,000.00 in light of Whitney v. Schwegmann Giant Supermarkets, Inc., 538 So.2d 758 (La.App. 4th Cir.1989).
In Whitney, supra, plaintiff, a customer in Schwegmann’s supermarket, was injured when a jar fell from a shelf and struck plaintiff’s foot. Schwegmann contends that diagnosis of plaintiff’s injuries was similar to Ms. Conino’s diagnosis in the instant case. Plaintiff received conservative treatment for six weeks and when discharged had no complaints other than discomfort in cold weather. This court found that for the injuries plaintiff suffered, $2,000.00 was the highest that the trial court could award within the range of its great discretion.
By analogizing this case with Whitney Ms. Conino asserts that Schwegmann is ignoring the real issue; whether the trial court’s award is supported.by the record.
Ms. Conino, a 64 year old woman at the time of the accident, sustained contu *1393 sions to her right knee and right ankle as a result of this accident. She sought medical treatment and was prescribed both pain medication and home and office treatment. She was treated for two months, attended four office visits, and fourteen physical therapy treatments. Ms. Conino testified that there is residual pain in her leg which still plagues her. She testified that she lives upstairs and it is difficult to ascend stairs when her leg becomes stiff. She also testified that she had never injured that leg before. Furthermore, Ms. Conino testified that she does not own a car and consequently must walk wherever she goes. In its reasons for judgment the trial court wrote that it found testimony by witnesses for Schwegmann to be “incredible” and that there was nothing to indicate that Ms. Conino was a professional plaintiff or that she had faked her accident or injury-
In Whitney, plaintiff’s doctor prescribed only conservative self-treatment at home. Furthermore, the court concluded that the plaintiff’s subsequent problems were not the result of the accident sued on but arthritis.
With regard to appellate review, this court stated as follows:
It is well settled, that a quantum award cannot be disturbed on appeal unless the trier of fact has abused its discretion in making the award. LSA-C.C., Art. 1999; Scott v. Hospital Service District No. 1 of St. Charles Parish, 496 So.2d 270 (La.1986).
Diaz v. Schwegmann Giant Supermarkets, Inc., 533 So.2d 1034 (La.App. 4th Cir.1988). The key issue in evaluating the damages is whether the award is reasonably supported by the record and not whether, in the eyes of the appellate court, another award may be more appropriate. Chatelain v. U.S. Fidelity & Guaranty Co., 495 So.2d 379 (La.App. 3d Cir.), writ denied, 498 So.2d 756 (La.1986). Id. at 1037. We find that the evidence presented supports an award of $3500.00 in this case.
For the foregoing reasons, the trial court’s judgment is affirmed.
AFFIRMED.